May Term, 1822.

M'CLURE
v.
BENNETT.

In this case the Court held, that in an action against partners on a promissory note signed with the name of the firm, a plea denying the partnership of the defendants amounts to the general issue, and is therefore bad on special demurrer; but that it cannot be objected to on general demurrer.

---

## PRATHER and Others v. RAMBO, on Appeal.

Tuesday,
May 14.

Wednesday,
May 15.

(1) Stat. 1817, p. 293;—1823, p. 209.—*Ackler* v. *Oldham*, 1 Marsh. Ky. R. 471.

---

## M'CLURE and Others, v. BENNETT.

The trustees of a church gave a sealed note as follows: "For value received this 2d of *October*, 1820, we the trustees of the first presbyterian congregation in the town of *Madison, Indiana*, do bind ourselves and our successors in office to pay to *A. B.* or order on demand 769 dollars:" *Held*, that they were personally liable.

Monday,
May 20.

APPEAL from the *Jefferson* Circuit Court.—This was an action of debt against the defendants below, the appellants, upon

May Term,
1822.

M'CLURE
v.
BENNETT.

the following sealed note: "For value received this 2d of October, 1820, we the trustees of the first presbyterian congregation in the town of *Madison, Indiana*, do bind ourselves and our successors in office to pay to *Brook Bennett* or order on demand 769 dollars, with interest from the 23d of *May*, 1820. Witness our hands and seals, &c. *John Ritchie*, (seal.)—*David M'Clure*, (seal.)—*James Wilson*, (seal.)—Trustees of the first presbyterian congregation in *Madison*."

HOLMAN, J.—The declaration in this case sets forth a writing under seal, by which *John Ritchie, David M'Clure*, and *James Wilson*, by the style and description of "trustees of the first presbyterian congregation in the town of *Madison*," bound themselves and "their successors in office" to pay *Brook Bennett* 769 dollars. To this note they severally signed their names and affixed their seals, as trustees of the first presbyterian congregation in the town of *Madison*. The defendants pleaded, that a number of persons had associated together as a religious society, and assumed the name and style of the first presbyterian congregation in the town of *Madison*; that, being so associated, they, by virtue of an act of assembly, entitled "An act for the appointment of trustees to receive deeds for lots or lands given or purchased for the use of schools or meeting-houses," had proceeded, in conformity to said act, to elect five trustees, to wit, the three defendants, together with *Samuel Smock* and *William Hendricks*, who had thereby become a body corporate; and that the defendants, being a majority of the trustees, in their corporate capacity and not in their individual right, had given the writing declared on. And they also averred that the writing was given for materials furnished and labour performed, in erecting a meeting-house for said presbyterian congregation. The Circuit Court considered the plea as no answer to the declaration, and gave judgment for the plaintiff.

In referring to the act of assembly on this subject, we discover no powers given to the trustees of congregations, societies, or churches, but what relate to the receiving, holding, or transferring of titles to any real property, to which the congregation, society, or church may be entitled by gift, grant, or otherwise. A power to make a contract for building a meeting-house, or for the payment of money for materials furnished or labour performed in erecting such a building, is not contemplated by the act (1). This contract must therefore be considered indepen-

dently of the act of assembly, and receive the same construction to which it would have been subject if the act had never passed. And, when thus considered, it has received a fair construction in the case of *Taft* v. *Brewster*, 9 Johns. R. 334. In that case *Brewster, Loomis*, and *Coats* had executed to *Taft* a bond signed and sealed by them respectively, as trustees of the baptist society of the town of *Richfield.* Special demurrer, because the bond was executed by the defendants in their corporate and not in their individual capacity. *Per Curiam*, "The bond must be considered as given by the defendants in their individual capacity. It is not the bond of the baptist church; and if the defendants are not bound, the church certainly is not. The addition of trustees to the names of the defendants, is a mere *descriptio personarum.*" As far as this case goes, it is not only applicable but conclusive. There is another feature in this contract. The defendants here bind themselves and "their successors in office:" but as this note was executed by them in their individual capacity, they could have no successors in office; consequently, these words are only surplusage. The plea was therefore no bar to the action, and was justly disregarded by the Circuit Court (2).

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Dewey*, for the appellants.

*Sullivan* and *Nelson*, for the appellee.

(1) Stat. 1819, p. 70;—1823, p. 265;—1826, p. 82.

(2) Vide *Deming* v. *Bullitt, May* term, 1823, post.