Nov. Term, 1839.

PITMAN
v.
KINTNER.

---

## PITMAN *v.* KINTNER.

Debt against *A. B.* on the following obligation: "Twelve months after date, we, the president and directors of the '*Corydon Steam-Mill Company*,' promise to pay *C. D.* 150 dollars with interest, &c.—*A. B.*, President [SEAL]." Plea, that the defendant executed the contract as president of the board of directors of *The Corydon Steam-Mill Company*, (a corporation created by statute,) for money lent by the plaintiff to the company for its sole use in carrying on its business; and that the promise was made on behalf of the company in conformity to its by-laws, and under its seal. *Held*, that the plea was not objectionable as amounting to the general issue; and that it was a good plea in bar of the action.

Nov. Term,
1839.

PITMAN
v.
KINTNER.

*Saturday,
December 21*

An agent who makes a contract in the name of his principal beyond his authority, or who engages that he himself or his principal will perform a certain thing, assumes a personal liability, though he is described in the contract as agent; and if, on the other hand, being clothed with the requisite authority, he contracts in the name of his principal, the latter only is bound.

A promise by the president and directors of " *The Corydon Steam-Mill Company*," made for a corporate debt, and executed by the president of the company, as such, under the corporate seal, in conformity to its by-laws, is a promise by the corporation, for a violation of which it may be sued in its corporate name.

APPEAL from the *Harrison* Circuit Court.

DEWEY, J.—*Pitman* sued *Kintner* in debt. The declaration contains three counts, each alleging that the defendant "by and under the description of president of *The Corydon Steam-Mill Company*, by his certain writing obligatory signed by the name and style of *P. S. Kintner,* president, sealed with his seal," &c. The defendant craved *oyer* of the instruments sued on. One of them (which is a sample of the whole) reads as follows : " Twelve months after date, we, the president and directors of ' *The Corydon Steam-Mill Company,*' promise to pay *David Pitman* one hundred and fifty dollars, with interest at the rate of *six per cent.* per annum, for value received.— *P. S. Kintner,* President [SEAL]." The defendant then pleaded, that he executed the several contracts mentioned in the declaration, as president of the board of directors of *The Corydon Steam-Mill Company,* (which was a corporation created by a certain statute,) for and in consideration of moneys loaned by the plaintiff to the company for its sole use in carrying on the business of the corporation ; that the promises were made on behalf of the company in conformity to its by-laws ; and the scrawl annexed to each of the signatures of the defendant as president of the company, was the common seal of the corporation. To this plea the plaintiff demurred specially, and assigned for cause of demurrer, that it amounted to the general issue. The Court sustained the plea, and rendered judgment for the defendant.

We think this decision was correct. The general doctrine is, that a special plea which amounts to a denial of an allegation which, in the first instance, the plaintiff would be bound to prove, under the general issue, to support his action, is

bad, as amounting to the general issue. 1 Chitt. Pl. 498. 1 Saund. 28, n. 1. The plea under consideration does not deny any fact which, had the general issue been pleaded, the plaintiff would have been obliged to prove. It admits the execution of the contracts by the defendant, but alleges in avoidance of his personal responsibility, that he executed them in behalf of *The Corydon Steam-Mill Company* as president thereof, under the seal of the corporation in conformity to its by-laws, and for a corporate debt. The character of this plea is very similar to that of a special plea alleging the delivery of a bond as an *escrow*, and not as a deed, and that the condition on which it was to become a deed has not been performed. Such a plea is allowable, though the special matter of it might be given in evidence under the general issue. *Twyford* v. *Bernard*, T. Raym. 197.—1 Chitt. Pl. 479.—*Stoytes* v. *Pearson*, 4 Esp. R. 255. We see no objection to the plea in this case as amounting to the general issue, which might not be urged with quite as much force against the plea sustained by these authorities.

A further objection is raised against the decision of the Circuit Court, which is, that even admitting the defendant's authority as president of *The Corydon Steam-Mill Company* to bind it by contract, he has not in the present instance done so, but has rendered himself personally liable. In support of this position, *M'Clure et al.* v. *Bennett*, 1 Blackf. 189, and *Deming* v. *Bullitt et al.* Ib. 241 and notes, are cited. The general doctrine recognized by those decisions, so far as it has any application to this case, is, that an agent, who makes a contract in the name of his principal beyond his authority, or who engages that he himself, or his principal, will perform a certain thing, assumes a personal liability, though he is described in the contract as agent; and if, on the other hand, being clothed with the requisite authority, he contracts in the name of his principal, the latter only is bound.

The case before us, tested by these principles, does not seem to be attended with much difficulty. The law incorporating *The Corydon Steam-Mill Company* declares itself to be a public statute; and as such we are bound to notice it. We think its enactments authorize the corporation to con-

tract debts to a certain amount; and that it has a right to borrow money to aid in prosecuting its business. Laws of 1834, p. 85. The debt, for which the securities in question were executed, was a legal corporate debt. From the tenor of those instruments, connected with the facts disclosed by the plea, it seems certain that neither the plaintiff nor defendant contemplated the personal responsibility of the latter at the time of executing the contracts. There is no language in them which has reference to him in his individual capacity; he undertook nothing personally. The engagement was, that "The president and directors of *The Corydon Steam-Mill Company*" would pay, &c; to which promise the defendant subscribed his name as president, and affixed the corporate seal — that being the mode of contracting on the part of the corporation prescribed by its by-laws. It is evident that the adjunct, "president," was not designed by the defendant as mere personal description of himself, but that it was meant to designate the capacity of agent in which he subscribed the contract of his principals. But it is argued that as the corporate name of the institution is "*The Corydon Steam-Mill Company*," the phraseology of the contracts does not designate the corporation. We think otherwise. A promise by the president and directors of "*The Corydon Steam-Mill Company*," made for a corporate debt, executed by the president of the company, as such, under the corporate seal in conformity to its by-laws, is a promise by the corporation, for a violation of which it may be sued by its corporate name. The Circuit Court was right in sustaining the plea.

*Per Curiam.*—The judgment is affirmed with costs.

*H. P. Thornton*, for the appellant.

*C. Fletcher* and *O. Butler*, for the appellee.