May Term,
1861.

HEROD
v.
RODMAN.

HEROD and Others *v.* RODMAN.

Suit upon a ditching contract, which, in the introductory part of it, purported to have been made by the defendants as directors of a draining association, but was signed by them in their individual names, and not in any official character.

*Held*, that the suit should have been against the corporation in behalf of which these directors acted, if any such existed.

*Held*, also, that the question whether there was such a corporation was for the judicial knowledge of the Court below, and the judgment of that Court being against the parties individually, it must be presumed to be right, and that no such corporation existed.

APPEAL from the *Boone* Circuit Court.

PERKINS, J.—Suit upon a ditching contract. Judgment below for the plaintiff. The contract commences as follows:

*Tuesday,*
*June 4.*

"An article of agreement, made and entered into this 28th of *August*, 1857, between *Edmund D. Herod, James H. Kilby* and *William H. Clements*, directors of the *Eel River Draining Association*, of the county of *Boone*," &c., of the first part, &c.

The contract provides for the construction of a drain between three and four miles long. Payments were made upon the work by one styling himself "treasurer" of the association. The contract was signed, simply:

"EDMUND D. HEROD,
JAMES H. KILBY.
WILLIAM H. CLEMENTS."

The suit was against these persons as individuals, and there was a personal judgment against them. On the issues of fact, as to the amount of work done, the value of it, &c., the case is not so clearly wrong as to authorize us to disturb the judgment.

According to the cases of *Macbeath* v. *Haldiman*, 1 Term. Rep. 172; *Unwin* v. *Wolsely, id.* 674; *Jones* v. *La Tombe*, 1 Cond. Rep. U. S. 171; and *Hodgson* v. *Dexter, id.* 329, the suit should have been against the corporation, if one existed, in behalf of which these directors acted. The cases of *Pitman* v. *Kintner*, 5 Blackf. 250; *McClure et al.* v. *Bennett*, 1 Blackf.

May Term,
1861.

EEL RIVER,
&c.
ASSOCIATION
v.
TOPP.

189; *Mears* v. *Graham et al.*, 8 *id.* 144; *Potts et al.* v. *Henderson et al.*, 2 Ind. 327; and *The Inhabitants, &c.* v. *Weir*, 9 *id.* 224, do not conflict with those above cited, because, with the exception of the first, they went upon the ground that the agents had exceeded their powers, and hence were alone liable; and in *Pitman* v. *Kintner*, it was held that the agent was not liable.

In the case at bar, if there was no such corporation organized as the *Eel River Draining Association*, for which the appellants assumed to act, then the appellants were personally liable. But whether there was such a corporation, or not, is expressly made by the statute a question for the judicial knowledge of the Court below. We must presume, at least, the contrary not being shown, that their decision is right, and that no such corporation exists. *Anderson* v. *The Kerns Draining Co.*, 14 Ind. 199.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*O. S. Hamilton*, for the appellants.

*A. J. Boone*, for the appellee.