## CASE v. WANDEL.

Suit to foreclose a mortgage, given to secure certain promissory notes. Answer : that the notes were given for the purchase money of the real estate described in the mortgage, sold and conveyed by the mortgagee to the defendant ; that there were liens on said real estate to the amount of $500, created by the vendor, which are still unpaid ; that all the purchase money has been paid except the last note, and that the vendor is insolvent.

*Held*, that aside from the uncertainty of the answer as to the nature of the liens, and the want of any averment that they had been paid by the vendee,

it was bad for not showing that the conveyance contained any covenant against encumbrances.

Where there is a variance between notes sued upon, as described in the complaint, and as offered in evidence, the complaint may be amended on the trial, and the amendment will, in the Supreme Court, be deemed to have been made.

APPEAL from the *Wells* Circuit Court.

WORDEN, J.—Suit by *Wandel* against *Case*, to foreclose a mortgage given by the latter to one *Henry Rutledge*, and by him assigned to the plaintiff. The mortgage was given· to secure the payment of certain promissory notes therein described. The defendant answered in four paragraphs, to the third of which a demurrer was sustained.

Trial by the Court; finding and judgment for the plaintiff.

Three errors are assigned: *First*. In sustaining the demurrer to the third paragraph of the answer. *Second*. In overruling a motion for a new trial. *Third*. In permitting the notes to be offered in evidence.

The third paragraph of the answer is as follows: "The defendant says that the entire consideration of the notes sued on in this behalf, was the sale and conveyance of lot 55 in the town of *Bluffton*, *Wells* county, *Indiana*, by *Henry Rutledge*, payee of said notes, to the defendant, on which there were liens to the amount of $500, all of which remain still unpaid; that the entire purchase money for said property has been paid, except said note, and said *Rutledge* is wholly worthless and insolvent, and unable to pay said liens; that said liens were suffered and created on the premises by said *Rutledge*."

This paragraph is radically bad, and the demurrer to it was properly sustained. Passing over the uncertainty of the paragraph, in respect to the nature and character of the liens, and also the fact that they have not been removed or paid by the defendant, it does not appear that the conveyance mentioned, contained any covenants against encumbrances, or otherwise, nor does it appear but that the defendant has got precisely what he purchased. For aught that is shown, the lot may· have been sold and conveyed subject to whatever encumbrances may have been upon it.

There is nothing in the second error, as the proof was sufficient to sustain the finding. And as to the third, if there was any variance between the notes as described in the complaint, and as offered in evidence, the complaint might have been amended on the trial, and will be deemed amended here.

*Per Curiam.* — The judgment is affirmed, with 5 per cent. damages and costs.

*M. Jenkinson,* for the appellant.