Hobbs et al. *v.* Cowden.

· *Per Curiam.*—The judgment is affirmed, with 5 five per cent. damages and costs.

*S. F.* and *D. H. Maxwell,* for the apppellant.[1]

*Crain & Allen,* for the appellee.[2]

(1) The counsel for the appellant, to sustain the proposition that the facts estopped the maker of the note to contest its validity or plead a failure of the consideration, cited *McKay* v. *Holland,* 4 Met. R. 69; *Crout* v. *De Wolfe,* 1 Rhode Island R. 393; *Rangely* v. *Spring,* 8 Shep. 130; *Hicks* v. *Cram,* 17 Vermont R. 449; *Bank* v. *Wallaston,* 3 Harring R. 90; *Strong* v. *Ellsworth,* 26 Vt. (3 Deane) 366; *Commonwealth* v. *Maltz,* 10 Barr. 527.

(2) To the contrary thereof, the counsel for the appellee cited. 2 Smith's Lead. Cas. 643, *et seq.;* 2 Met. R. 421; 1 Story's Eq. 392; 1 Phillipps' Ev. 465, note; 4 Conn. R. 247; 16 Ind. 248.

· HOBBS *et al. v.* COWDEN.

CONTRACT.—Where a township institutes an action before a justice of the peace, and, after judgment there, appeals to the Circuit Court, and *A B,* the trustee of the township, caused an appeal-bond to be filed, which recited that "the undersigned are bound unto *D C* in the penal sum of 200 dollars, on this condition," &c., and was signed "*A B,* Trustee of *Columbus* township," and by another person, such trustee will be personally liable on such bond, and the words, "Trustee of *Columbus* township," merely *descriptio personæ.*

AMENDMENT—VARIANCE.—Where there is a variance between the instrument sued on, as described in the complaint, and as offered in evidence, the complaint may be amended on the trial, and the amendment will, in the Supreme Court, be deemed to have been made.

Hobbs et al. *v.* Cowden.

APPEAL.—In actions before justices of the peace against a supervisor by the township trustee, under section 26, 1 R. S. 467, either party is entitled to appeal as in other cases before justices under section 64, 2 R. S. 461.

COSTS.—In such actions, if the township is unsuccessful, she is liable for costs, under section 396, 2 R. S. 126.

PRACTICE.—Where error is committed in the admission or rejection of testimony in the court below, such error will not be available here, unless the grounds of objection thereto are properly presented to the consideration of the court below, and proper exceptions taken.

APPEAL from the *Bartholomew* Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, sued *James Hobbs* and *Josiah Beatty* upon an appeal-bond. The bond, with its condition, was filed with the complaint, and reads thus:

"The undersigned are bound to *David Cowden*, Supervisor, in the penal sum of 200 dollars, on this condition, to wit: The undersigned, *James Hobbs*, Trustee of *Columbus* township, *Bartholomew* county, *Indiana*, on behalf of said township, has this day appealed to the *Bartholomew* Circuit Court from the judgment rendered on the first day of the present month by *David Richerton*, a justice of the peace of said township, against *Columbus* township, and in favor of *David Cowden*. Now, if said *James Hobbs*, on behalf of said township, shall prosecute his said appeal, on said behalf, to effect and pay the judgment that shall be rendered against him, as said trustee, on said appeal, in said Circuit Court, then this bond shall be void.                     JAMES HOBBS, S. C. T.
"*April* 29, 1860.                     JOSIAH BEATTY."

The complaint, in reciting the condition of the bond, states that the judgment rendered by the justice was in this form: "That the suit be dismissed, and that said *James Hobbs* pay

the costs therein." And for breach of said condition, it is alleged that the Circuit Court, to which the appeal was taken, at its *October* term, 1860, rendered a judgment in said action in favor of *David Cowden,* and against *James Hobbs,* for 69 dollars, the costs of suit, &c., all of which, &c.; and the plaintiff in fact says that said *James Hobbs* hath not paid the sum of money so adjudged against him to the plaintiff, but the judgment aforesaid is in full force—is due, and wholly unpaid, &c. Wherefore an action hath accrued, &c.

Defendants demurred severally to the complaint; but the demurrers were overruled, and they excepted.

Defendant *Hobbs* answered—1. By a denial. 2. That the action alleged in the complaint to have been commenced before a justice, and taken by appeal to the Circuit Court, and in which it is charged the appeal-bond was executed by the defendants, was an action brought in the name of *"Columbus* township, of *Bartholomew* county," by *James Hobbs,* the trustee, against *David Cowden,* supervisor of the third road district in said township, for failing to use due diligence in keeping the highways in his district in good repair; that he, defendant, was trustee of said township when said action was commenced, and was such continually until a short time after the judgment in that action was rendered by the Circuit Court; and that immediately after the rendition thereof, his office, as such trustee, expired, and another person, to wit, one *James Leason,* was elected in his stead, who was trustee at the time of the commencement of this action; that defendant signed the appeal-bond not in his individual but his official capacity, as an officer of the township, and that the judgment in the action before the justice was rendered against said township; that as such officer, he was the guardian of the interest of the township—felt aggrieved at the decision of the justice, and appealed from his judgment, and, in signing the appeal-bond, he intended to make the town-

Hobbs et al. *v.* Cowden.

ship, not himself, liable; that after the rendition of the judgment, and during his trusteeship, he was ready and willing to pay the same, but no execution was ever issued thereon, nor was any demand ever made upon him for the payment thereof; that after his term as trustee had expired, he paid all moneys, &c., in his hands, belonging to the township, to his successor in office; and that at the time this suit was instituted, he had not, nor has he now, any trust funds in his hands.

*Beatty,* the other defendant, answered by a general traverse.

To the second paragraph of the answer a demurrer was sustained, and the defendants excepted.

The issues were then submitted to the court, who found for the plaintiff, and, having refused a new trial, rendered judgment, &c.

Are these rulings correct? The complaint is alleged to be defective, because of the variance between the appeal-bond as described and as filed with the pleading. There is nothing in the objection. In that respect the complaint might have been amended in the lower court, and will, therefore, "be deemed to be amended in this court." 2 R. S. pp. 48, 162, §§ 99, 580; *Case* v. *Wandel,* 16 Ind. 459.

But is the defendant, *Hobbs,* at all liable on the bond? The facts relative to this point of inquiry are these: "*Columbus* township, by *James Hobbs,* Trustee," &c., sued *Cowden* before a justice "for failing to use due diligence in keeping the highways in his district in repair." Judgment was given against the township. Upon his motion, an appeal to the Circuit Court was granted, and with his co-defendant, *Beatty,* he executed the bond in suit. The bond commences in this form: "The undersigned are bound to *David Cowden,* Supervisor, in the penal sum of 200 dollars, on this condition," &c., and is signed thus: "*James Hobbs,* T. C. T., *Josiah Beatty.*"

Upon this state of facts, it is argued that *Hobbs,* by his sig-

nature, bound the township, and not himself personally. We are not inclined to adopt that conclusion. The addition of " T. C. T." to the defendant's name, if it means any thing, is mere " *descriptio personarum.*" He contracted—though he was the then appellant's trustee—in his own name, agreed to pay 200 dollars in case the condition was not performed, and the result is, he is individually liable. *McClure* v. *Bennet,* 1 Blackf. 189; *Deming* v. *Bullitt, id.* 241; *Pitman* v. *Kintner,* 5 Blackf. 250; *Mears* v. *Graham,* 8 *id.* 144; *Taft* v. *Brewster,* 9 Johns, 334; *Prather* v. *Ross,* 17 Ind. 495.

Another ground assumed against the maintenance of the action is, that from the judgment of the justice no appeal could be legally taken, and that consequently the appeal-bond is void. It is true the statute which authorizes the suit against the supervisor does not specially give the right of appeal, but that right is no doubt included in the general provisions respecting appeals from the judgments of justices of the peace. 1 R. S., p. 467, § 26; 2 *id.,* p. 461, § 64.

Again, it is insisted that the township, when she sues a supervisor, and is unsuccessful in her action, is not liable for cost. We think otherwise. "In all civil actions, the party recovering judgment shall recover cost, except in those cases in which a different provision is made by law." 2 R. S., p. 126, § 396. We know of no provision of law making the exception indicated as to a township when she is the plaintiff.

There is a bill of exceptions which shows that certain testimony offered by the plaintiff was, over the defendants' objection, admitted by the court; but the grounds of objection do not appear to have been pointed out in the Common Pleas; and the ruling on the admission of the testimony can not, therefore, be assigned for error. *Deny* v. *The North-Western University,* 16 Ind. 220.

Indeed, we perceive no difficulty in the determination of this case. The appeal from the justice seems to have been

regularly taken. The bond sued on is in form and substance within the requirements of the statute. There was a failure to prosecute the appeal with effect, and, in sequence, the present plaintiff, then the defendant, recovered 69 dollars and his costs of suit. That recovery was alleged and proved, and was correctly held the measure of damages.

*Per Curiam.*—The judgment is affirmed, with costs.

*Francis T. Hord*, for the appellants.

*S. Stansifer*, for the appellee.