PATRICK MURPHY *vs.* REDMOND WELCH.

Middlesex. Jan. 13.—March 2, 1880. COLT & LORD, JJ., absent.

While two parcels of land are owned by the same person, there can be no use of one of them in favor of the other which will create an easement.

If the owner of a parcel of land mortgages it, he cannot subsequently by grant create an easement in the land to the prejudice of the rights of the mortgagee.

The use by the grantee of an easement, in land previously mortgaged by the grantor, does not begin to be adverse until possession is taken by the mortgagee.

An assignment of a mortgage of land from a loan and fund association, concluding, "In witness whereof the said association, by J. S., its president, duly authorized for this purpose, has hereunto set its seal, and the said J. S., president as aforesaid, has hereunto set his hand," signed "J. S., President of" (giving the name of the association), and sealed, is in form executed by the association.

TORT for breaking and entering the plaintiff's close in Lowell. Writ dated February 25, 1878. Trial in the Superior Court, before *Putnam*, J., who directed a verdict for the plaintiff, and reported the case for the determination of this court, in substance as follows:

The plaintiff and the defendant are owners of adjoining lots of land on North Street in Lowell. In 1856 both of these lots were owned by Michael Pendergrast, who, on August 6 in that year, mortgaged, by deed containing a power of sale, the lot now owned by the plaintiff to the Lowell Mutual Loan and Fund Association. On the 12th of the same month, the mortgage still outstanding, he conveyed the lot now owned by the defendant to John Cowley, reserving to himself a right of way four feet wide over the land conveyed, and granting to Cowley a right of way of the same width over the lot which he had mortgaged, as above stated, so that there was a way eight feet wide running from North Street to the rear of the lots, which way was to remain forever open as a way for the common use of the owners of the two lots. It was admitted that the defendant had used this way daily with his horse and wagon.

On June 1, 1858, the Lowell Mutual Loan and Fund Association, without previously entering upon the premises, sold and conveyed, under the power contained in its mortgage, the premises therein described to J. L. Phipps and Henry Souther, and on the same day assigned the mortgage to them, and they at once entered

and took possession of the premises under the title so acquired. On May 1, 1861, Phipps conveyed his interest to Souther, who, on March 14, 1865, conveyed the lot to the plaintiff. Since the date of the last-named deed the plaintiff has been in possession, claiming title under the same, and he also occupied the land as tenant at will from June 1, 1858, to the date of his deed from Souther.

The defendant contended that the sale under the power contained in the mortgage was invalid, for certain reasons which it is now unnecessary to state; and also contended that no title passed by the assignment of the mortgage. This assignment purported to be the deed of the Lowell Mutual Loan and Fund Association; and the concluding clause was as follows: " In witness whereof the said association, by John W. Graves, its president, duly authorized for this purpose, has hereunto set its seal, and the said John W. Graves, president as aforesaid, has hereunto set his hand," &c. It was signed " John W. Graves, Presi dent of L. M. L. and Fund Association," and was sealed. It was also acknowledged by Graves as " the free act and deed of said association."

The defendant offered to show that he and his grantors had acquired a right of way by prescription over the plaintiff's land, against all parties, including the mortgagee, by an uninterrupted use of the passageway from 1846, and also claimed under the conveyance from Pendergrast to Cowley.

The judge ruled that Pendergrast, owning only the equity of redemption, could not create any easement or passageway in the premises mortgaged, either as against the mortgagee or those claiming lawfully under it; that, as the plaintiff's grantor held an assignment of the mortgage, as well as a deed of the premises under the power of sale, it was immaterial whether the power of sale was properly executed or not; and that, as the mortgagee did not take possession under the mortgage until the sale, and as the plaintiff, claiming under said deed and assignment, took possession under the same, the defendant could not set up a prescriptive title to a right of passage, because the defendant, under his title, had the right to use the strip aforesaid, until transfer or sale under the mortgage, namely, until June 1, 1858, and since that time twenty years had not elapsed prior to the

date of the writ. A verdict was ordered accordingly for the plaintiff in the sum of $1 damages.

If the rulings were correct, judgment was to be entered on the verdict; otherwise, a new trial to be ordered.

*G. Stevens & C. H. Conant*, for the defendant.

*D. S. Richardson & J. Davis*, for the plaintiff.

AMES, J.  It appears from the report that the lots belonging to these parties respectively were both of them, in August 1856, owned by Michael Pendergrast, and were at that time but one lot. Of course, while they continued to be in his ownership, it would be impossible that there could be such an adverse use as would create an easement in favor of one of the lots within the limits of the other. On the sixth day of that month, Pendergrast mortgaged the lot now held by the plaintiff to the Lowell Mutual Loan and Fund Association, and in that mortgage no reservation or provision of any kind was made for the creation or use of a passageway for the common benefit of the two lots. On the contrary, the mortgage includes in its description the strip of land four feet in width over which the defendant claims the right of passage. For the purposes of this trial, it was correctly ruled to be immaterial whether the foreclosure sale by the association was valid or not. Whatever title the association had in the mortgaged premises was effectually transferred, either by that sale or by the assignment of the mortgage, to the parties from whom the plaintiff derives his title; and it appears that possession of the premises was taken by his grantors, under their conveyance from the association, as early as June 1, 1858. The assignment of the mortgage under which the plaintiff claims purports on its face to be the deed of the corporation, under its seal, affixed by its president duly authorized for that purpose, and acknowledged to be the free act and deed of the association, and signed by its president by its authority. This is sufficient to remove all objection on the ground that it is not duly executed. *Hutchins* v. *Byrnes*, 9 Gray, 367.  *Pitman* v. *Kintner*, 5 Blackf. 250.

It is true that the defendant's occupation and use of the passageway began as early as August 1856, but it cannot be said at that time to have had any of the characteristics of an adverse use. On the contrary, it was by virtue of a conveyance of the

owner of the equity of redemption, and could have no effect upon the rights of the mortgagees and those claiming under them. A mortgagor can make no lease or contract respecting the mortgaged premises effectual to bind the mortgagee or prejudicial to his title. *Perkins* v. *Pitts*, 11 Mass. 125, 130. Exclusive possession by a mortgagor and those claiming under him, with a claim of exclusive ownership, does not of itself amount to a disseisin of the mortgagee so as to invalidate a transfer of the mortgage title. There is nothing in the *facts reported to show that any claim adverse to the mortgagee was known to the association. *Sheridan* v. *Welch*, 8 Allen, 166.

The plaintiff claims under the older and paramount title; and, as the defendant fails to show any adverse enjoyment covering twenty entire years before the suit was brought, there must be

*Judgment on the verdict.*