No. 11,486.

## THOMPSON v. THE MARION AND MONROE GRAVEL ROAD COMPANY.

GRAVEL ROAD.—*Agreement.*—*Suit by Corporation.*—*Complaint.*—Where there is an agreement " to pay the directors " of a gravel road company certain sums of money at a specified time, an action for a breach thereof is properly brought in the name of the company, the directors not being proper plaintiffs.

SAME.—*Subscription by Directors to Pay Judgment.*—*Tolls.*—Where such agreement is subscribed by certain stockholders of the company for the purpose of repaying the directors the amount for which the company is liable upon a judgment, and it provides that the sums so agreed to be paid are to be refunded to the subscribers " out of the first moneys received from the proceeds of said road," the company is not required to pay its tolls on the judgment before it can recover on the agreement.

PRACTICE.—*Excessive Damages.*—*New Trial.*—A question as to an excessive recovery must be made a cause for a new trial to be available in the Supreme Court.

From the Grant Circuit Court.

*I. VanDevanter, J. W. Lacey* and *W. VanDevanter*, for appellant.

HAMMOND, J.—Suit commenced before a justice of the peace by appellee against appellant, upon the following agreement:

" We, the undersigned stockholders of the Marion and Monroe Gravel Road Company, hereby undertake and agree and promise to pay the directors of the Marion and Monroe Gravel Road Company, in twelve months from this date, the amounts set opposite our respective names, the same being an amount equal to twenty per cent. of the amount of our several individual subscriptions of stock as appears by the articles of association of said gravel road company. This promise and agreement is for the purpose of indemnifying and repaying to the directors of said gravel road company the amount for which said company are liable upon a judgment rendered in the Grant Circuit Court in favor of Eugene Kessinger and John Smith, and affirmed in the Supreme Court of the State

of Indiana. These several amounts here subscribed are to be refunded to us out of the first moneys received from the proceeds of said road. January 19, 1880.

"(Signed) S. R. Thompson. $60."

The appellee recovered judgment before the justice and also in the circuit court to which an appeal was taken.

The obligation was signed by a number of persons besides the appellant, each of whom placed opposite his name the amount of his subscription. The total amount subscribed was near $900. Appellee, with money borrowed for that purpose, paid the judgment mentioned in the agreement, amounting, with interest and costs, to $1,155. It was owing, on the money thus borrowed, $226. It had collected all the subscriptions made to it in the agreement above set out, except $255. It had received on tolls after the execution of said agreement $929, but had but little money in its treasury at the commencement of this action, and none at the time of the trial.

Appellant insists that the agreement sued upon was made payable to the directors of the company, and that the action should have been brought in their names, and not in that of the company. This view is not correct. The money was due the appellee, and the suit was properly brought in its name. *Herod* v. *Rodman*, 16 Ind. 241 ; *Bank, etc.*, v. *Wheeler,* 21 Ind. 90 ; *Means* v. *Swormstedt*, 32 Ind. 87 (2 Am. R. 330) ; *Vater* v. *Lewis*, 36 Ind. 288 (10 Am. R. 29) ; *Pearse* v. *Welborn,* 42 Ind. 331 ; *Trustees, etc.*, v. *Johnson*, 53 Ind. 273.

It is urged that the appellee should not recover, as its collections on subscriptions made to pay the judgment and on tolls exceed the amount of the judgment, for the payment of which the subscriptions were made. But the contract did not require the company to apply its tolls on the judgment. The subscribers were to advance money to pay the judgment and were then to be repaid from collections on tolls.

Appellee's judgment against appellant was for $69.60. It is claimed in appellant's brief, that the amount was excessive.

But as he did not assign as a reason for a new trial that the amount of the recovery was too large, this ground of objection is not available. *Millikan* v. *Patterson*, 91 Ind. 515.

We do not find any error.

Affirmed, with costs.

Filed Nov. 26, 1884.