No. 1,253.

## The Louisville, New Albany and Chicago Railway Company v. Terrell.

BILL OF EXCEPTIONS.—*When Shown to be in Record.*—*No Independent Entry.*—*Clerk's Certificate.*—*File Mark.*—Where it is clearly and affirmatively shown in the clerk's certificate to the transcript that the bill of exceptions was duly and properly filed in his office, in vacation, within the time allowed by the court, in term, for the filing of such bill, the bill is sufficiently shown to be in the record, although there is no record or independent entry or statement except the file mark of the clerk and the clerk's certificate, showing the filing of the bill of exceptions.

EVIDENCE.—*Transcript of Judgment.*—*Best Evidence.*—*Breach of Contract.*—Where, in a compromise agreement between a railroad company and an employe, it was agreed that judgment should be rendered in favor of the employe, and that in addition thereto such employe should have future, permanent employment furnished him by the railroad company, which agreement was set out in full in the judgment, it was not error to admit a transcript of such judgment in evidence in a subsequent suit for a breach of the contract for future employment, where no objection was interposed on the ground that it was not the best evidence.

SAME.—*Cross-Examination.*—*Limits of.*—The inquiry, on cross-examination, must be confined to what the witness testified to in chief.

SAME.—*Sufficiency of.*—That the evidence is sufficient to support the finding, see opinion.

From the Orange Circuit Court.

*G. W. Kretzinger, W. Farrell* and *E. C. Field,* for appellant.

*J. A. Zaring* and *M. B. Hottel,* for appellee.

DAVIS, J.—This suit was brought by appellee to recover damages for the alleged breach of a written contract by appellant touching his employment as watchman.

In substance, the complaint avers that prior to September, 1889, appellee instituted an action against appellant for alleged injuries received by him while in the employ of appellant, by reason of alleged negligence

on its part; that on September 3, 1889, it was agreed between appellee and appellant that, in consideration of appellee's release and discharge of appellant from all liability growing out of such injury, appellee should have judgment against appellant for three thousand five hundred dollars and, in addition thereto, that appellant would furnish him with permanent employment as flagman at some crossing of its railroad over another railroad, at the usual rate of wages paid for such services, so long as "he is physically able to perform said services;" that said agreement was in writing.

Judgment was entered in said cause in pursuance of the terms of said agreement for three thousand five hundred dollars, and this judgment, with interest thereon, was afterwards fully paid by appellant to appellee. No judgment was entered on the agreement in relation to the employment of appellee.

A demurrer was interposed and overruled, to which appellant excepted. Thereupon, appellant filed an answer of general denial. Jury was waived and cause heard before the court. The court rendered judgment in favor of appellee for eight hundred and fifty dollars. Appellant filed motion for a new trial, which was overruled and proper exception reserved.

On the 9th of November, 1893, appellant was granted ninety days in which to file its general bill of exceptions.

There is no record or independent entry or statement, except the file mark of the clerk and the clerk's certificate showing the filing of the bill of exceptions.

On what purports to be the bill of exceptions, we find these words:

"Filed in my office, this 17th day of January, 1894.

"JOHN A. LINGLE,

"Clerk Orange Circuit Court."

The clerk's certificate, found at the conclusion of the record, is as follows:

"STATE OF INDIANA, ORANGE COUNTY, SS:

"I, John A. Lingle, clerk of the Orange Circuit Court, do hereby certify that the foregoing is a full, true and complete copy of the entries made and papers filed in the Orange Circuit Court, in the cause of Charles Terrell against the Louisville, New Albany and Chicago Railway Company, including the general bill of exceptions filed in my office on the 17th day of January, 1894, and approved by the court, and ordered made a part of the record herein, and also, the original typewritten manuscript of the evidence made by the official reporter of said court herein and filed in my office with the defendant's general bill of exceptions on the 17th day of January, 1894; indorsed on the back thereof, 'Filed in my office this 17th day of January, 1894.

'JOHN A. LINGLE,
'Clerk Orange Circuit Court.'

"In testimony whereof, I have hereunto subscribed my name and affixed the seal of said court this 7th day of February, 1894.           JOHN A. LINGLE,
"Clerk Orange Circuit Court."

In this connection we repeat what we said in *Gish* v. *Gish*, 7 Ind. App. 104," It is not essential that such independent entry, showing the filing of the bill, should be entered on the order book in vacation, but such statement or memorandum, appearing in the record on appeal, as clearly and affirmatively shows the filing of the bill in the office of the clerk, is sufficient, whether it immediately precedes the bill or is otherwise properly set out. The better practice in such cases is for the clerk to make a vacation order book entry showing the filing of the bill. This entry should be the same in form and substance as is made when the bill is filed in term. Whether the en-

try is so made or not, the clerk, when he prepares the transcript for appeal, should precede the bill of exceptions, with the copy of such vacation order book entry, if made, or in the absence thereof, he should incorporate in the transcript a preliminary formal statement or memorandum, in substance and effect, that the bill of exceptions had been duly filed, giving the date, in his office. The failure of the clerk to make such entry or to precede the bill with such formal statement will not be fatal to the rights of the appealing party, if it is otherwise clearly and affirmatively shown in the transcript that the bill was duly and properly filed in the office of the clerk of the trial court."

In this case, it is clearly and affirmatively shown in the clerk's certificate to the transcript, that the bill of exceptions was duly and properly filed in his office, in vacation, within the time allowed by the court, in term, for the filing of such bill. This, in our opinion, is sufficient.

The errors assigned are:

"1. The findings and judgment of the court below are contrary to the evidence and the law.

"2. The court below erred in the admission of improper testimony.

"3. The court below erred in refusing to admit proper and competent evidence offered by and on behalf of the appellant.

"4. There is a fatal variance between the evidence offered by appellee and his complaint.

"5. The contract sued on, by the terms upon its face, was determinable by the option of either party, for the reasons stated in the motion for a new trial.

"6. The court below erred in refusing appellant's motion for a new trial for and upon the reasons stated in

such motion, all of which are included in this assignment of errors.

"7. The damages assessed by the court below are excessive."

It is well settled, under our system of practice, that rulings which properly constitute causes for a new trial can not be independently assigned as error in this court. *Maybin* v. *Webster*, 8 Ind. App. 547; *McCloskey, Admr.*, v. *Davis, Admx.*, 8 Ind. App. 190.

The only error assigned, therefore, which presents any question for our consideration, is the sixth.

One of the reasons assigned in the motion for a new trial is, that the court erred in allowing appellee to read in evidence the transcript of the judgment entered in the personal injury action, in which judgment the compromise agreement sued on in this action was copied and set out in full.

The only grounds of objection to this evidence were the following: Because the agreement, if the judgment is valid, was merged in such judgment, and that the agreement being a continuing one, the judgment containing the same is in the nature of a decretal stipulation or decree for specific performance, which, having merged into and become a part of the judgment in the Jackson Circuit Court, can only be enforced in that court.

The basis of the argument of counsel for appellant is that the stipulation in relation to the future employment of appellee contained in the compromise agreement was merged in the judgment rendered in favor of the appellee for thirty-five hundred dollars.

In this view counsel, in our opinion, are mistaken. In that case the cause of action was the injuries sustained by appellee. The agreement that judgment for thirty-five hundred dollars should be rendered therein in his favor was a part only of the consideration for the com-

promise. The record discloses that the judgment was rendered for thirty-five hundred dollars, in pursuance of the stipulation therefor in the agreement.

It clearly appears that no judgment was, in fact, rendered on that part of the agreement which provided for appellee's future employment. The agreement provided for a full and complete settlement of the damages claimed by appellee in that case and expressly stipulated that, in addition to the money judgment rendered thereon by the court, the appellee should have future permanent employment. The judgment rendered in that action shows that this was the construction placed on the agreement by the court and the parties thereto.

This action is based on that part of the agreement in relation to the future employment. The agreement was set out in full in the judgment in the former action, and it is evident that the transcript of the judgment was read in evidence on this trial in order to get the agreement in relation to the employment of appellee before the jury. It was conceded that the judgment for thirty-five hundred dollars, with interests and costs, had been fully paid. There was no objection to the introduction of the transcript containing a copy of the agreement in evidence on the ground that the original agreement was the best evidence. As we view the case there was no error under the circumstances in overruling the objection made to the introduction of this evidence.

There was no error in sustaining the objection of appellee's counsel to a question asked him by appellant on cross-examination as the question had no reference whatever to anything the witness had testified in chief. If appellant desired to investigate or inquire into the fact as to whether appellee was engaged in the grocery business and whether he had made or lost money therein it had the right to call him to the stand as a witness in its

own behalf. *Cook* v. *Flint,* 2 Ind. App. 41; *Topeka, etc., R. R. Co.* v. *Jackson,* 5 Ind. App. 547; *Darnell* v. *Sallee,* 7 Ind. App. 581.

Counsel for appellant contend that the finding of the court is not supported by the evidence, and that it is contrary to both the law and the evidence. We have carefully read the entire record. In some respects the evidence is neither clear nor satisfactory. There is evidence in the record tending to prove, among other things, that the agreement was entered into in 1889, and that this action was commenced in 1893; that ever since the agreement was made, appellee has been ready and willing to begin work at any time on notice that appellant had such a place for him as is contemplated by the agreement; that in fact appellee, at different times, applied to appellant for such position and that he never has been employed by appellant.

It is true it is shown that on the day the complaint was filed, or the day before, appellant wrote appellee as follows: "Please let me know when you are ready to go to work, and I will see if we can arrange a railroad crossing at some point."

There is nothing definite in this statement. If appellant then or at any time prior thereto had a position for appellee "as flagman at some crossing of the railroad over another railroad," it should, under the circumstances of this case hereinbefore referred to, have offered the position to appellee, in pursuance of the terms of the agreement. If appellee had failed or refused, because he was not physically able, or for any other reason, to accept "as good a position as they can give him at the usual rate of wages paid for such services at said points where the service is performed," a different question would be presented.

Giving the evidence the most favorable construction,

as we are required to do, in favor of appellee, we can not say that there is no evidence in the record authorizing the finding made by the trial court.

We find no reversible error in the record.

Judgment affirmed.

Filed Jan. 8, 1895; petition for a rehearing overruled April 2, 1895.