No. 1,585.

## HUNT ET AL *v.* LISTENBERGER ET AL.

NEGOTIABLE INSTRUMENT.— *Endorsement.— Payee by Agent.*— An endorsement on negotiable paper of the names of the payee "by" a specified person, "agent," is a sufficient endorsement by the payee.

SAME.—*Endorsement by Agent.—Estoppel of Payee.*—The payee of a negotiable instrument is bound by the act of his agent in endorsing the former's name thereon and selling the same, where the agent informs him of the sale and gives him the proceeds, and he retains the same without denying the transfer or the right of the agent to make it.

CONTINUANCE.—*When Properly Refused.*—An application for a continuance, based upon the fact that the applicant's witnesses are not present, because they had been notified that they need not appear on that day by the applicant's counsel, who had previously obtained an order for continuance by a false representation that the counsel for the opposite party consented, is properly refused.

SAME.—*Setting Aside.—Misunderstanding.*—An order for continuance granted by the court on a misunderstanding induced by a statement of the counsel asking therefor, that the counsel for the other party consented thereto, is properly set aside, although the latter was present in court when the continuance was asked for, unless he heard the statement and made no objection thereto.

EVIDENCE.—*Presumption.—Endorsement.—Negotiable Instrument.*— An endorsement on the back of a warrant of the name of a specified person, "agent," followed by the name of the payee, will be presumed, in the absence of evidence to the contrary, to have been made respectively by the persons whose names are endorsed and not by the agent only.

ESTOPPEL.— *Warrant Endorsed by Agent. — Principal Receiving Proceeds with Knowledge of Facts.*—The owners of warrants who elect to retain the benefits of a transaction by which another, without authority, endorses the warrants, and applies part of the money to pay their obligations, sending the residue to them, after learning of the facts, cannot repudiate the endorsement and recover the amount due on the warrants.

From St. Joseph Circuit Court.

*D. A. Bowles, A. Rabb* and *Wilbert Ward,* for appellant.

*A. Anderson,* for appellees.

Ross, J.—The facts in this case as alleged in the complaint and admitted by the parties are in substance as follows :

In 1891 the trustee of Pennsylvania Township, St. Joseph county, Indiana, purchased from the firm of Hunt & Adams, the appellants, through their agent, H. J. Hirshberger, a road machine, and issued in payment therefor two warrants calling for ninety dollars each, which were delivered to said agent, the first of which warrants was payable September 1st, 1892, and the second, September 1st, 1893. Afterwards Hirshberger sold the two warrants to the appellee, Miner E. Listenberger, for the sum of one hundred and twenty-five dollars, and after using a part of the money received for the payment of expenses incurred by him as appellant's agent, he remitted the balance within a week to the appellants, informing them of what he had done. When the warrants fell due they were not paid, and appellee having brought this action for their collection, Pennsylvania township filed a bill of interpleader, admitting its liability on the warrants, but alleged that the appellants, Hunt & Adams, claimed the amount due, and it asked that it be allowed to pay the amount thereof into court and that the court then determine as between appellee and appellants which of them was entitled to the same. Upon issues joined there was a trial by the court and a finding and judgment in favor of appellee, Listenberger.

It is insisted by the appellants that both the first and second paragraphs of the complaint, the first declaring

on the warrant which fell due on September 1st, 1892, and the second on the warrant which fell due on September 1st, 1893, are insufficient for the reason that the warrants which are payable to the appellants show that they were never assigned by them to appellee, the complaint alleging that they were assigned in writing by endorsement on the back thereof.

On the back of the warrant due September 1st, 1892, a copy of which was filed with the first paragraph of the complaint is the following endorsement :

"H. J. HIRSHBERGER, Agent,
HUNT & ADAMS,"

and on the back of the other, a copy of which was filed with the second paragraph, the following :

"HUNT & ADAMS,
BY H. J. HIRSHBERGER, AGENT."

The contention of counsel for appellants is that these endorsements were nothing more than the personal endorsement of H. J. Hirshberger, and in support of this contention many authorities have been cited in which the courts hold that when a party signs or endorses a note attaching to his signature such words as "President," "Trustee," "Secretary," or "Agent," they are merely "*descriptio personæ*," and the obligation a personal one of the party signing.    Among the cases cited are the following: *Swarts* v. *Cohen*, 11 Ind. App. 20; *Pitman* v. *Kintner*, 5 Blackf. 250; *McClure* v. *Bennett*, 1 Blackf. 189 ; *Mears* v. *Graham*, 8 Blackf. 144 ; *Prather* v. *Ross*, 17 Ind. 495 ; *Hobbs* v. *Cowden*, 20 Ind. 310; *Kendall* v. *Morton*, 21 Ind. 205 ; *Pearse* v. *Welborn*, 42 Ind. 331 ; *Hays* v. *Crutcher*, 54 Ind. 260; *Hayes* v. *Matthews*, 63 Ind. 412; *Hayes* v. *Brubaker*, 65 Ind. 27 ; *Williams* v. *Second Nat'l Bank*, 83 Ind. 237 ; *McClellan* v. *Robe*, 93 Ind. 298 ; *Roger Williams Nat'l Bank* v. *Groton*, 17 Atl. Rep.

170 ; *McCandless* v. *Belle Plaine*, 42 N. W. Rep. 635 (4 L. R. A. 396); *Williams* v. *Miami Powder Co.*, 36 Ill. App. 107 ; *Lee* v. *Percival*, 52 N. W. Rep. 543 ; *Day* v. *Ramsdell*, 52 N. W. Rep. 208 ; *Matthews* v. *Dubuque*, 54 N. W. Rep. 225 (19 L. R. A. 676); *Davis* v. *England*, 141 Mass. 587 ; and *Sturdivant* v. *Hull*, 59 Me. 172.

While the argument of counsel is very plausible, it has no application in this case. As the record comes to us, we find on the back of the one warrant, not only the name of "H. J. Hirshberger, Agent," but also that of "Hunt & Adams." The endorsement is not H. J. Hirshberger, Agent for Hunt & Adams, but as it appears to us, not only did A. J. Hirshberger, Agent, endorse it, but also the appellants by the name and style of Hunt & Adams. To accept as correct the contention of appellant's counsel would require us to assume that Hirshberger signed the name of Hunt & Adams on the back of the warrant, but this we cannot do. The complaint and exhibits as copied into the record, do not show that to be a fact, but on the contrary, it shows that the endorsement is that of the firm of Hunt & Adams.

There can be no question but what the endorsement of the second warrant is sufficient.

The third, fourth, fifth and sixth specifications of error which are based upon rulings of the court in setting aside the order for a continuance, refusing to grant a continuance, setting the cause down for trial, and the admission of certain evidence on the trial, are not properly assigned, all of the same being proper causes to assign in an application for a new trial. *Kent* v. *Lawson*, 12 Ind. 675 ; *Jeffersonville, etc., R. R. Co.* v. *Riley, Admx.*, 39 Ind. 568 ; *Carr* v. *Eaton*, 42 Ind. 385 ; *Westerfield* v. *Spencer*, 61 Ind. 339 ; *Morgan* v. *Hyatt*, 62 Ind. 560.

Rulings which properly constitute causes for a new trial cannot be assigned independently as specifications of error in this court.    *McClosky, Admr.,* v. *Davis, Admx.,* 8 Ind. App. 190; *Maybin* v. *Webster,* 8 Ind. App. 547; *Louisville, etc., R. W. Co.* v. *Terrell,* 12 Ind. App. 328.

The last specification of error is that the court erred in overruling appellants' motion for a new trial.

The rulings of the court in setting aside the order of continuance, on the application for a continuance, and in the admission of certain evidence on the trial, are all embraced in and are causes for which a new trial was asked.

There was no error in setting aside the order continuing the cause.   The continuance was granted by the court at the instance of counsel for appellant upon a misunderstanding on the part of the court in supposing from the statement made by appellants' counsel that counsel for appellee was consenting thereto.  When the appellee's counsel ascertained that an order continuing the cause had been entered, he moved to set it aside; denying that he had either consented or agreed to continue the trial of the cause, and the court thereupon set aside the order.   The granting of the order and setting a time to take depositions beyond the time set for the trial of the cause did not necessarily continue the cause. And the mere fact that counsel for appellee was present in court at the time appellants' counsel asked for and induced the court to make the order continuing the cause, is not of itself sufficient to bind appellee unless his counsel heard the statement and made no objection thereto.

We also think the court did not err in overruling the application of appellants for continuance.   This application is based upon the fact that after appellants' coun-

sel had induced the court to enter the order for a con-
tinuance as above stated, he notified his clients that
they need not appear on the day set for the trial, and
for that reason they were not present.  That part of
the affidavit having reference to what their testimony
would be and that the same facts could not be proven by
any other witness whose testimony could be as readily
procured, etc., is probably sufficient, but when we con-
sider that part which attempts to excuse their absence
in connection with the record which discloses the man-
ner in which the order behind which they seek to shelter
was procured, we cannot fail to say that it was evident
that their absence was their own fault; and if by reason
thereof, they did not get the benefit of their defense,
they must suffer.

There was no error in admitting in evidence the
endorsement found on the back of the warrants.  The
testimony of the agent, Hirshberger, shows not only
that he made them, but that the proceeds of the sale
were transmitted to the appellants, and that he person-
ally explained to the appellant Hunt, that he sold the
warrants to the appellee, and as he says, "telling him
all about it why I had done so."  The appellants
retained the money which they received from appellee
and at no time until the commencement of this action
so far as the evidence discloses, in any way, denied the
transfer, or the right of Hirshberger to make it.

The evidence is sufficient to sustain the verdict.  A
right result seems to have been reached in this case, and
inasmuch as all of the objections urged by the appellant
are merely technical and do not go to the merits of the
case, we would hesitate about reversing the judgment,
even if some such objections should be found to be well
taken.  It is different when this court is in doubt as to
the justness of the result reached, for, in such cases,

technical objections are sometimes as available as those more substantial. But not so in this case.

Judgment affirmed.

LOTZ, J., did not participate in the decision of this case.

Filed November 26, 1895.

## ON PETITION FOR REHEARING.

DAVIS, J.—It appears that the appellants were represented by counsel at the taking of the deposition of Hirshberger, on the 22d of December, 1893. He then testified that he indorsed the warrants to the appellee, that he used a part of the money received therefor, in the payment of bills incurred by him as the agent of Hunt and Adams in their service, and that he sent the residue of the money to them, and that he afterwards fully explained the matter to Hunt and Adams, and that they approved of what he had done. In due time thereafter, the cause was set for trial, on January 11, 1896, in the court below at South Bend, and on the evening of the 8th of January, the appellants served notice on the appellee of their intention to take depositions at Indianapolis, on the 10th of January. No excuse is shown for this delay, but on the 9th of January, the date for taking the depositions was changed and was fixed by agreement of the parties for the 1st of February. No effort was made by the appellants to secure a continuance of the cause or a postponement of the trial except that counsel for appellants appear to have relied on the fixing of the future date for the taking of the depositions as equivalent to such continuance or postponement. In the affidavit filed for a continuance, on the 11th of January, the fact that said Hirshberger used a part of the money in payment of bills incurred by him in the service of Hunt and Adams, and

Hunt *et al. v.* Listenberger *et al.*

that he sent them the residue of the money, and that he afterwards fully informed them as to all that had been done in the premises, are not denied.    It may be true that Hunt and Adams did not authorize him to indorse the warrants, and that they did not knowingly receive any of the proceeds, and yet as it appears in fact, without contradiction, that the money in part was used to pay their obligations, and that the residue was sent to them, and that after they learned these facts, they elected to retain the benefits of the transaction, they are not now in position to repudiate the indorsement and recover the amount due on the warrants.    The only evidence introduced in behalf of the appellee on the trial in reference to the disposition made of the proceeds received by Hirshberger for the warrants, was his deposition. Therefore, assuming that all the facts stated in the affidavit in behalf of the appellants for a continuance, were true, the result of the trial in the court below would have been the same.

If counsel for appellant, in his affidavit for a continuance in their behalf, had shown that he expected to prove by them on the trial that they were not informed by Hirshberger of what he had done in the premises, or that in fact the money had not been sent to them or used by him in payment of bills incurred by him for them, or that when they received such information they had repudiated his acts and offered to restore the benefits derived by them therefrom, a different question would be presented.    In any view that may be taken of the matter as it is presented to us by the record, we do not see any reason that would justify the granting of a rehearing.    Therefore, the petition is overruled.

Filed February 11, 1896.