Filed January 31, 1893.

---

No. 732.

ZIMMERMAN v. SNYDER.

APPEAL.—*Reversal of Judgment.*—*Evidence.*—This court will not weigh the evidence, nor decide controverted questions of fact, nor reverse a judgment of the court below when the evidence fairly tends to sustain it.

From the Elkhart Circuit Court.

*O. T. Chamberlain* and *P. L. Turner*, for appellant.

*H. C. Dodge* and *J. S. Dodge*, for appellee.

DAVIS, J.—This was an action brought by appellee against appellant to recover the value of work and labor performed by appellee for appellant.

The case was tried before a justice of the peace, and resulted in a judgment in favor of appellee for one hundred and forty-nine dollars and thirty cents.

On appeal to the Circuit Court, a verdict was returned in favor of appellee for one hundred and fifty-one dollars and forty cents, and a remittitur was entered for fifteen dollars and ninety cents, and judgment rendered for one hundred and thirty-five dollars and fifty cents.

In this court a reversal is sought on the grounds of error in the assessment of the amount of recovery, and that the verdict of the jury is not sustained by sufficient evidence.

It was admitted on the trial that between July 1st and October 13th, 1891, the appellee rendered for appellant the services mentioned in the complaint, of the value of one hundred and sixty dollars and seventy-five cents, and that appellee had paid him thereon twenty-four dollars and seventy-four cents.

The appellant's counsel now urge that the uncontroverted evidence establishes the proposition that the entire balance of one hundred and thirty-five dollars and fifty-one cents has been fully paid.

Their contention is that in the spring of 1890 appellee rented of appellant a tract of land for one hundred and thirty dollars per year, payable in work, and that appellee occupied the land during 1890 and 1891, and that the rent of the land was a payment for the work and labor in controversy.

Evidence was introduced tending to show that in the spring of 1890 the appellee entered into possession of the land referred to under an agreement to work out the rent, and that during the year 1890 appellee performed services, and that in December, 1890, the parties had a set-

tlement, pursuant to the terms of which accounts were balanced and the rent settled to April 1st, 1891.

It does not appear, except inferentially, that appellee continued in possession of the land after April 1st, 1891, and as to whether there was any agreement at any time that the work should pay the rent was a controverted question.

Should we take that part of the evidence in the record most favorable to appellant, and discard all that was favorable to appellee, we could not then say that appellee continued to hold the land during 1891, or that he was indebted to appellant on account of rent therefor, or that such rent was a payment for his services. The evidence on these propositions is not clear or satisfactory.

The case has been twice tried—once by a justice and once by a jury—and the result of each trial was in favor of appellee.

The verdict was sanctioned by the trial court.

Although counsel for appellant have earnestly sought to convince us that an injustice had been done their client, no reason has been shown that would justify this court in reversing the judgment of the court below.

The rule is firmly established that this court will not weigh the evidence, nor decide controverted questions of fact, nor reverse a judgment of the court below when the evidence fairly tends to sustain it.

Judgment affirmed, at costs of appellant.

Filed February 1, 1893.