Maybin *v.* Webster.

Filed Jan. 10, 1894.

———————◆———————

No. 1,091.

*MAYBIN *v.* WEBSTER.

ASSIGNMENT OF ERRORS.—*Cause for New Trial.—How Assigned.*—A
decision of the trial court, which properly constitutes a cause for
new trial, can not be independently assigned as error on appeal,
among which causes is a ruling on a motion to suppress a deposition.

EVIDENCE.—*Declarations.—Marriage, Breach of Contract.*—In an ac-
tion for breach of marriage contract, a person who visited plaintiff
when she was in a state of nervous prostration, is competent to
testify to certain statements made to witness, which the witness, at
plaintiff's request, communicated to defendant.

SAME.—*Motion to Strike Out.—Hearsay.—Cross-Examination.*—It is not
error to overrule a motion to strike out evidence, on the ground that
on cross-examination it was made to appear that the witness did
not have a positive and distinct recollection as to some of the mat-
ters testified to by him on examination in chief, and that answers
made by him in chief may have been based, in part, on hearsay.

MARRIAGE CONTRACT.—*Breach of.—Matters in Mitigation.—Set-Off.—
Counterclaim.—Interrogatories to Jury.*—Matters in mitigation, in
actions for breach of marriage contract, can not be considered as a
set-off or counterclaim, and the jury, in answer to an interrogatory,
need not state the amount allowed in mitigation, but should only
state what matters were so allowed.

MISCONDUCT OF COUNSEL.—*Argument to Jury.—Exception, How Saved.*
—If counsel, in argument to the jury, is guilty of misconduct in

* Spelled Mabin, in 129 Ind. 430.

making statements of a prejudicial character, not warranted by the evidence, and, on objection thereto being made, the court then and there instructs the jury to disregard such statements, the injured party, if he is not satisfied with such redress, should make his dissatisfaction known by calling the attention of the court to such action as, in his judgment, ought to be taken to remedy the wrong, and if such redress is refused, the party may except thereto and save the question for appellate tribunal.

Opinion on petition for rehearing by DAVIS, C. J.

From the Switzerland Circuit Court.

*G. E. Downey* and *J. K. Thompson,* for appellant.

*G. M. Roberts, C. W. Stapp, F. M. Griffith, H. D. Mc-Mullen, H. R. McMullen* and *W. R. Johnston,* for appellee.

DAVIS, J.—On the first trial of this case, in the Dearborn Circuit Court, appellee recovered judgment for six thousand dollars, which, on appeal to the Supreme Court, was reversed. *Mabin* v. *Webster,* 129 Ind. 430. The venue of the cause was then changed to the Switzerland Circuit Court, and resulted in judgment in favor of appellee for three thousand dollars.

The errors assigned by appellant in this court are: -

"1st. Because said Switzerland Circuit Court erred in overruling the appellant's motion for a new trial of said cause.

"2d. Because said court erred in overruling the motion of the appellant to suppress parts of the deposition of Persis C. Chapin, taken on behalf of the appellee, read in evidence on the trial of said cause."

The ruling of the court on a motion to suppress a deposition is cause for a new trial. *Jeffersonville, etc., R. R. Co.* v. *Riley,* 39 Ind. 568.

It is well settled that rulings which properly constitute a cause for a new trial can not be independently assigned as error in this court. Elliott's App. Proced., sections 347, 351

Maybin *v.* Webster.

The second error assigned in this case presents no question for our consideration.

The first question discussed by counsel for appellant relates to the admission of the testimony of Mrs. McConnel, a witness on behalf of appellee. This witness, over objection of appellant, testified that on one occasion she called to see appellee when she was suffering from nervous prostration, and that appellee then communicated to her certain statements which the witness, at her request, communicated to appellant. The questions asked were proper. The evidence sought to be elicited was pertinent. The answers of the witnesses may, in some respects, have been more comprehensive than the questions, but as the motion made by counsel for appellant to strike out parts of her testimony was sustained, appellant is in no position to complain.

The next question relates to the ruling of the court in refusing to strike out parts of the deposition of Persis Chapin. The fact that, on cross-examination, it was made to appear that the witness did not have a positive and distinct personal recollection as to some of the matters testified to by him in chief, and that the answers so made to questions propounded to him in chief may have been based, in part at least, on hearsay, did not constitute a sufficient reason for striking out his answers to such questions. The credibility of the witness, and the weight of his evidence as analyzed and dissected by the cross-examination, were proper questions for the consideration of the jury. There was no error in this ruling.

Complaint is also made of instructions given and refused, but the objections urged are general rather than specific. We have, however, carefully read all the instructions asked, given, modified, or refused, in the light of the argument of counsel in relation thereto. The in-

structions are numerous and lengthy, and we can not undertake to set them out in this opinion. When considered together, as an entirety, the instructions given fully and correctly state the law applicable to the case. So far as we have been able to see, each of the instructions, standing alone, accurately states the law on the question to which such instruction refers. As the instructions impress us, appellant has not in any respect been prejudiced thereby. The attention of the jury was explicitly directed to the matters which it was proper for them to consider in mitigation of damages. There was no error in either the giving or refusing of instructions.

A number of interrogatories which, on examination, we find were in all respects proper in both substance and form, were submitted to the jury by the court at the request of the respective parties. The answers returned thereto seem to have been responsive, full, and clear. The appellant tendered one interrogatory in answer to which the jury were asked to state the amount allowed by them in mitigation of damages for the alleged breach of contract, on account of the fact that he was afflicted with epilepsy. The court struck out and refused to submit so much thereof as sought to have the jury fix the amount they so considered in mitigation. The jury answered that such affliction was considered by them in mitigation in determining the amount of the verdict. This was all that was required on that branch of the case. Matters in mitigation in this class of cases can not be considered as a set-off or counterclaim.

The next question urged by counsel for appellant is based on the alleged misconduct of one of the attorneys for appellee in his argument to the jury, which is set out in the bill of exceptions as follows:

"George M. Roberts, Esq., was addressing the jury on behalf of the plaintiff, when said attorney, so acting,

made the following statement in argument to the jury,
to wit:   'On rebuttal, we asked Mrs. Isdell to state
whether her sister, Mary C. Webster, had a watch and
bracelets in 1879, when she went to live with her. They
objected to that; they were afraid to have her answer
that question; they knew she would say her sister had
the watch and bracelets in 1879, and that she did not
get them afterwards.'   To which the defendant then and
there objected and excepted, and said counsel did not
withdraw the statement, and thereupon, after objection
made by counsel for the defendant, the court stated as
follows, to wit:   'Gentlemen of the jury—The statement
made by counsel in reference to what other counsel may
have known, and what the witness may have sworn to, if
permitted to testify, is not proper matter for you to con-
sider, and is ordered stricken out by the court.'   And
still counsel for the plaintiff did not in any manner with-
draw said statement.   And the defendant then and there,
at the proper time, and properly still objected and ex-
cepted to said statement of counsel, and the counsel pro-
ceeded with his argument of the cause.''

We have quoted in full all that appears in the bill of
exceptions on this subject.   When the alleged improper
statement was made, counsel for appellant objected and
excepted thereto, and thereupon the court clearly and
unequivocally instructed the jury to not consider such
statement.   Counsel for appellant then renewed the ob-
jection and exception to the statement, but did not move
the court to set aside the jury or take any other steps.

The rule applicable to the question here presented is, in
our opinion, correctly stated by Judge COFFEY in *Grubb*
v. *State*, 117 Ind. 277 (283):   "Where counsel is guilty
of misconduct, and the opposing party, at the time, ob-
jects, and the court, upon being asked to do so, neglects
or refuses to take action in the matter, or to repair the

injury to the satisfaction of the injured party, he can except and bring the question to this court. But, in such cases, if the court does all in its power to relieve the party injured from the consequences of such misconduct, there is no action of the court to which an exception can be taken, and consequently nothing to be reviewed in this court. In such cases, if the injured party thinks that the injury is of such a character that it can not be repaired by any action of the court, he should move to set aside the jury, or take such other steps as he may think will secure to him a fair and impartial trial. If he fails to do this, and permits the case to proceed to final determination, he must be deemed to have waived all questions arising out of such misconduct. *Coleman* v. *State*, 111 Ind. 563; *Henning* v. *State*, 106 Ind. 386. In this case, as the court did all that could be done, and, indeed, all it was asked by appellant to do, it must be considered by this court that all error on account of the misconduct of counsel for the State has been waived."

Without entering upon or deciding the question as to the character and effect of the statement which constitutes the alleged misconduct of counsel in this case, it will suffice to say that, in any event, on the authority cited, such statement can not be regarded as reversible error.

See, also, *Indianapolis Journal Newspaper Co.* v. *Pugh*, 6 Ind App. 510, 34 N. E. Rep. 991, and authorities there cited.

There is no error in the record, which would justify the reversal of the judgment of the court below.

Judgment affirmed.

Filed Nov. 2, 1893.

## ON PETITION FOR A REHEARING.

DAVIS, C. J.—One of the grounds on which the petition for a rehearing is urged, is that the rule enunciated in *Grubbs* v. *State, supra,* and followed by us in the original opinion, in relation to the misconduct of counsel for appellee, in his argument to the jury, "is not well founded, either from a legal or common sense point of view."

We think counsel are in error. That decision, in our opinion, is not only good law, but is also sound common sense.

Counsel contend that "When a pernicious statement, such as the one under discussion, is lodged in the minds of jurors, and hammered in, as in this case, with all the force at the command of able counsel, it is as utterly impossible for a court to remove it by instructions as is the proverbial tale of the camel and the needle's eye, and for a court to instruct a jury to disregard such a statement, is to set a task beyond the powers of ordinary jurors."

Counsel underestimate the intelligence and impartiality of the average jury. The presumption is that the jury understood and obeyed the instruction of the court.

Reasoning on the line indicated, counsel for appellant insist that on account of such misconduct of the prevailing party, a new trial should have been granted. In other words, as we understand the argument of counsel, the only redress for such misconduct is to grant a new trial to the unsuccessful party.

As applied to this case, we are of the opinion that the better and wiser rule is stated in the opinion cited. Ordinarily, if counsel, in argument, is guilty of misconduct in making statements of a prejudicial character not warranted by the evidence, and, on objection thereto being made, the court then and there instructs and directs

the jury to disregard such statements, if the injured party is not satisfied with such redress, he should make his dissatisfaction known by calling the attention of the court to such action as in his judgment ought to be taken to remedy the wrong.    Such misconduct on the part of counsel, in argument, should not be indulged, but the practical result of the rule for which counsel contend would be that in every case where counsel should be guilty of such misconduct a new trial could be demanded as a matter of right.    The cure, we fear, under such rule, would be more devastating than the disease.    Notwithstanding it is the duty of the trial court to see that counsel in argument keep within proper bounds, without objection or action of the parties, yet, if the court, through oversight or otherwise, fails, on his own motion, to discharge this duty, the party who is injured by such misconduct should not be allowed to remain silent until the verdict is returned, and then, if adverse to him, be awarded a new trial solely on the ground of such misconduct.

If we are right in this position, then it follows that when objection is made at the time to such improper argument, and the court, in response to such objection, instructs the jury to disregard the same, it is incumbent on the aggrieved party, if he desires different or greater satisfaction, to call attention of the court to the relief to which he thinks he is entitled, and if such redress is refused, he can then bring the question to the Appellate Court for review, but, in this case, it occurs to us that the court did all that it was necessary to do, under any view of the question, to redress the wrong of which complaint is made.    When the court instructed the jury to disregard the statement of counsel, no just cause, as it appears to us, existed for further complaint on the part of appellant.

It is earnestly insisted that the damages assessed are excessive. The basis of the argument in support of this proposition is that appellant is sixty-four years of age, and that he is an epileptic, that the disease is most aggravated, both in duration and intensity, making life most dreary and fruitless to him, and a source of the greatest solicitude and care to others, and is in such condition that marriage would probably aggravate the disease and shorten his life, and that appellee, who is fifty years of age, is not entitled to three thousand dollars for appellant's breach of the contract to marry her.

The evidence tends to prove that the parties had been engaged, by continuing agreements, renewed from time to time for eight years or more prior to the commencement of the suit, and that shortly before the complaint was filed appellant refused to consummate the marriage and repudiated the contract, and that appellant, as asserted by counsel for appellee, in their brief, and not controverted, was worth twenty-five thousand dollars.

When the facts and circumstances in this case are given the construction most favorable to appellant, the court can not say that the verdict of the jury is excessive. On the contrary, if appellee's theory of the case, as disclosed by her testimony, is correct, and, on this appeal, she is entitled to have it so considered, so far at least as this question is concerned, the amount of the recovery does not, in our judgment, evince, as contended by counsel, that there was the want of a just and full consideration by the jury of all things which they should have taken into account in making the assessment of damages.

The petition for rehearing is overruled.

Filed Jan. 31, 1894.