Filed March 16, 1894.

<hr />

No. 1,092.

HAINES *v.* PORCH.

APPELLATE COURT PRACTICE.—*Questions Depending on the Weight of the Evidence.*—The appellate tribunal will not determine questions arising on the weight of the evidence.

From the Warren Circuit Court.

*W. P. Rhodes* and *W. L. Rabourn*, for appellant.

*C. V. McAdams*, for appellee.

DAVIS, C. J.—In the third paragraph of his complaint, appellant alleged that in 1889, in a settlement of a partnership business between them, there was due and owing to appellant from appellee $4,320.46, which, on account of the mutual mistake of the parties, was settled for $3,000, whereby a mistake was made against appellant in the sum of $1,320.46.

In the sixth paragraph of answer appellee avers that at the time of said settlement all matters in difference

between them were fully settled; that appellee turned over to appellant all his interest in the partnership assets; that there was then growing out of said partnership, and certain individual transactions, a sum in excess of $3,000 found to be owing from appellee to appellant, and that in consideration of extra work performed by him during the partnership, and a certain agreement, by the terms of which appellee remained in the service of aplant during the ensuing year, he executed his note to appellant for $3,000, in full and final settlement of all said matters in difference between them, to the satisfaction of appellant; and that there was no mistake in the settlement.

We have not referred to all the pleadings, and have only called attention to so much of the substance of the complaint and answer as is necessary for the consideration of the questions discussed. The only questions which arise on this appeal are predicated on the action of the trial court in overruling appellant's demurrer to the sixth paragraph of appellee's answer to the third paragraph of the complaint, and in overruling appellant's motion for a new trial.

The record sustains the contention of counsel for appellee, that there was no exception reserved to the ruling of the court on this demurrer, and, therefore, no objection can be taken here to the same.

It is also contended by counsel for appellee, that the evidence is not in the record. We will not stop to examine this question, but will content ourselves by saying there is evidence, if in the record, tending to sustain the finding and judgment of the trial court.

Counsel for appellant say: "It is not even claimed by the defendant, that the note for $3,000 represented the true amount due Haines, but, in fact, admits that it was considerably more than that sum. And the only ex-

planation he gives in accounting for it is that Haines agreed that he might keep it to reimburse him for work he had done in the mill, and to retain him in the business for another year.''

Counsel for appellant contend that the burden of the issue tendered by the answer was upon appellee; that the explanation made by appellee is weak and unreasonable, and that as the parties stood upon an equal footing as witnesses before the court, this court should examine the evidence, uninfluenced by the ruling of the trial court, and reverse the judgment.

It is not necessary for us to express an opinion as to the weight of the evidence or as to the merits of the controversy.

We will content ourselves by citing a few decisions of the Supreme and Appellate Courts in which the duties of the trial court and Appellate Court with reference to the questions arising on the weight of the evidence are considered. *Christy* v. *Holmes,* 57 Ind. 314; *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73; *Hammond & Co.* v. *Schweitzer,* 112 Ind. 246; *Continental Life Ins. Co.* v. *Yung,* 113 Ind. 159; *Isler* v. *Bland,* 117 Ind. 457; *First Nat'l Bank* v. *Williams,* 4 Ind. App. 501, 31 N. E. Rep. 370; *Zimmerman* v. *Snyder,* 6 Ind. App. 178, 33 N. E. Rep. 218; *Mason* v. *Douglas,* 6 Ind. App. 558, 33 N. E. Rep. 1010.

We find no error in the record.

Judgment affirmed.

Filed Mar. 30, 1894.