Gavin, J.
The only error assigned in this court is the overruling of the motion for a new trial. The insufficiency of the evidence to sustain the finding is the only cause for new trial argued.
To enable the court to determine this question, it is essential that the evidence be properly in the record. The appellee most vigorously contends that the evidence is not in the record.
The cause was tried, judgment rendered, and motion for new trial overruled at the January term, 1894, of the Marion Circuit Court. Upon April 11th, being the 33d judicial day of the March term, 1894, of said court, the bill of exceptions, incorporating the evidence, was presented to the judge and signed and filed by him, and in the bill as well as in the entry showing its filing, it is recited that these things are done “within the time allowed by the court.”
There is, however, no entry of record at the January term to show what time was given to file a bill of exceptions, or that any time whatever was given.
The law is settled by many decisions of our Supreme Court, that the order granting time to file a bill after term must be made during term, and that it must appear in the order-book. A recital of the fact in the bill of exceptions is not sufficient. A recital in the order-book made at the time of filing the bill could not of course be any more effectual than the statement in the bill itself. Applegate v. White, 79 Ind. 413; Benson v. Baldwin, 108 Ind. 106; Engleman v. Arnold, 118 Ind. 81; Elliott App. Proced., section 801.
We are, therefore, constrained by the authorities to sustain appellee’s position. If, however, we were to regard the evidence as properly in the record, we could not afford appellant any relief. Counsel’s argument in be *315 half of their position is based upon the following proposition of law: “If there is a conflict in the testimony-introduced by a party, that testimony that is most unfavorable to the party in the conflict of his own testimony must prevail.” That this is not the rule governing the appellate tribunal upon its review of the action of the trial court is adjudicated by many decided cases. If there be a conflict in the evidence, whether that of the plaintiff or defendant, or of both, it is the province of the trial court or jury to determine which is correct. Cincinnati, etc., R. R. Co. v. Madden, 134 Ind. 462; Haines v. Porch, 9 Ind. App. 413, and cases cited.
Filed Nov. 27, 1894.
We do not find in the adjudicated cases any authority for the proposition advanced by appellant.
Judgment affirmed.