No. 1,733.

## CAMPBELL v. CONNER, ADMINISTRATOR.

EVIDENCE.—*Motion to Strike Out.*—*Practice.*—If evidence be admitted without objection, a subsequent motion to strike out comes too late.

SAME.—*Evidence.*—*Estoppel.*—*Appellate Procedure.*—A party cannot object to the testimony of non-expert witnessess as to the genuineness of a signature, upon the ground that they merely testified to having seen the person in question sign his name, without stating that they were acquainted with his handwriting or signature, where his witnesses have testified in a similar manner.

SAME.—*Striking Out.*—*Non-Expert Witness.*—*Genuineness of Signature.*—The testimony of a non-expert witness, as to the genuineness of a signature, will not be stricken out because he admits, on cross-examination, that his opinion was based, in part, upon comparisons made out of court, where his opinion was given after his testimony on direct examination that he had often seen the person in question sign his name, and the adverse party has waived any objection as to the sufficiency of such qualification.

SAME.—*Decedent's Estate.*—*Claim for Work and Labor.*—In an action against a decedent's estate, on a note alleged to have been executed by the decedent for work and labor done by the claimant while living with the decedent, evidence that claimant did but little if any work while he lived with the decedent is competent.

NEW TRIAL.—*Substantial Justice.*—*Practice.*—If, in the trial court, it does not appear that substantial justice has been done, a new trial should be granted.

APPELLATE PROCEDURE.— *Presumption.*—*Verdict.*— After the trial court has approved the verdict of the jury, all presumptions are in its favor in the Appellate Court, and the verdict will not be disturbed unless it appears that substantial justice has not been done.

From the Fayette Circuit Court.

*S. Claypool* and *J. W. Claypool,* for appellant.

*D. W. McKee, R. Conner, J. M. McIntosh* and *G. W. Pigman,* for appellee.

DAVIS, J.—The appellant filed a claim against said

estate in the Union Circuit Court, founded on a note dated Dec. 21, 1882, payable in ten years with interest. The note called for $5,750.00. The venue was changed to the Fayette Circuit Court. The defense was that said Rinker did not execute the note and that there was no consideration for the note. The jury returned a verdict for appellee, on which judgment was rendered. The only error assigned in this court is the overruling of appellant's motion for a new trial. Counsel for appellant insist that the verdict of the jury is not sustained by sufficient evidence, and that it is contrary to law.

We have carefully read the record, and find the evidence conflicting. There is ample evidence fairly supporting the verdict of the jury, on every material point in issue, and therefore we will not reverse the judgment of the trial court on this ground. *Haines* v. *Porch*, 9 Ind. App. 413; *Zimmerman* v. *Snyder*, 6 Ind. App. 178; *Miles* v. *DeWolf*, 8 Ind. App. 153.

On the trial the appellant introduced witnesses who testified that they had seen Henry Rinker sign his name, and, without asking the witnesses whether they knew or were acquainted with his handwriting or signature, obtained answer from them that in their opinion the signature to the note was genuine.

The appellee then introduced witnesses who testified that they had seen Henry Rinker sign his name, and, without asking the witnesses whether they knew or were acquainted with his signature, obtained answer from them that in their opinion the signature to the note was not genuine.

Assuming the law to be that in such cases non-expert witnesses can only give their opinion on the question of the genuineness of the signature in question, when they have shown that they are acquainted with

such signature, is the appellant in a position to invoke the rule?

"It has often been decided that a party calling out incompetent evidence may preclude himself from successfully objecting to evidence of like character introduced by his adversary. The rule on this subject is that evidence otherwise incompetent may be practically stripped of its objectionable character by the course pursued by the party who challenges its competency. If a party opens the door for the admission of incompetent evidence he is in no plight to complain that his adversary followed through the door thus opened." *Perkins* v. *Hayward*, 124 Ind. 445.

In this case the appellant has no just ground for complaint because of the introduction of the incompetent evidence mentioned.

In one instance there was no objection to the evidence, but the question arises on the motion to strike out. The rule is that when evidence is admitted without objection a subsequent motion to strike out comes too late. *Chicago, etc., R. W. Co.* v. *Champion*, 9 Ind. App. 510.

It was shown, on cross-examination of this witness, that his opinion was based in part on comparison with signatures to papers not before the court and not admitted to be genuine. The witness was not an expert. Comparisons by experts can only be made with papers admitted to be genuine. *Merritt* v. *Straw*, 6 Ind. App. 360. The fact that the cross-examination disclosed that the opinion of the witness was in part at least based on such comparison did not, under the circumstances, constitute sufficient ground for striking out his evidence. *Maybin* v. *Webster*, 8 Ind. App. 547. The witness testified in chief that he was assistant cashier of the bank and had often seen Mr. Rinker sign his name to checks, and then on cross-examination he tes-

tified that he had compared the signature of the note with the signature to the checks, and that his opinion, as to whether the signature to the note was genuine, was in part based on such comparison. Following the rule adopted by the appellant, the witness who had seen Rinker write his name was competent to give his opinion upon the genuineness of the signature to the note. The mere fact that he may have looked at other signatures did not make him incompetent to express an opinion. In view of the course pursued by the appellant in the introduction of his evidence, he was not entitled to have the evidence of this witness stricken out on his motion because of the facts elicited by him on cross-examination.

The appellant introduced evidence tending to prove that he did work for Rinker, and that the note was executed upon the settlement of accounts, and not for any consideration that passed at the time of the execution of the note. The appellee introduced evidence tending to prove statements by appellant that the note was executed on account of work and labor performed by him for Rinker. It was conceded, as we understand the record, that the appellant, who married a daughter of Rinker, during the life of his wife and before the execution of the note, lived for several years with Rinker, and there was no error, under the circumstances, in allowing the appellee to prove that the appellant did but little if any work while he lived with Rinker. The note is dated after the death of appellant's wife. Subsequent to the date of the note Rinker bought of appellant a tract of land, for which he paid him $1,400. Rinker during all these years was a wealthy man, while the appellant owed at least one just note of $90.00 of many years standing, which yet remains in part unpaid. The case in many respects is a peculiar one. Whatever the merits of the

Campbell *v.* Conner, Administrator.

controversy may be, the reading of the evidence convinces us that the cause was fairly tried in the court below, and that there is no reversible error in the record.

Judgment affirmed.

Filed January 21, 1896.

### OPINION ON PETITION FOR REHEARING.

DAVIS, J.—On appellant's petition for rehearing, we have again examined the questions discussed.

In the circuit court, it should clearly appear that substantial justice has been done by the verdict, or a new trial ought to be granted. After the circuit court has approved the verdict of the jury, all presumptions are in its favor in this court, and we are not permitted to interfere unless it clearly appears that substantial justice has not been done. *Smith* v. *Stump*, 12 Ind. App. 359; *Haines* v. *Porch*, 9 Ind. App. 413, and authorities there cited; *City of Lafayette* v. *Ashby*, 8 Ind. App. 214, 225.

The general rule is that when evidence is admitted without objection, in response to a question that indicates the nature of the response, a subsequent motion to strike it out comes too late. *Rhea* v. *Crunk*, 12 Ind. App. 23.

Counsel for appellant earnestly insist that the judgment of the trial court should be reversed because witnesses who testified that they had seen Henry Rinker write his name, were allowed to testify that in their opinion the signature to the note was not his, without previously testifying that they were acquainted with his signature. Assuming that the rulings mentioned were erroneous, the record clearly shows that appellant, while introducing his evidence in chief, asked and received answers to questions subject to the objection made against the questions of ap-

pellee, and, therefore, appellant is in no position to ask a reversal upon the question presented. *Pence* v. *Waugh*, 135 Ind. 143, 150.

The petition for rehearing is overruled.

Filed April 3, 1896.