Filed April 2, 1896.

---

No. 1,665.

## SEARS *v.* RUNNER, ASSIGNEE.

EVIDENCE.—*Note.—Bank Stock.*—The proposed evidence of the cashier of a bank, that defendant's note sued on by the assignee of the bank, given in payment for bank stock, was included in an order by the board of directors, directing the cashier of the bank to accept $15,000 of the bonds of a certain trust company, and with the bonds take up notes given for stock to the amount of $15,000, was properly refused, where there is nothing in the order to show that defendant's stock was ever exchanged for bonds, but that his stock and note attached thereto were found in the bank after assignment, and had not been transferred upon the stock-book to any other person, and where it appears that the trust company's bonds were obtained for the purpose of being exchanged for gravel road bonds and not for stock.

INSTRUCTIONS TO JURY.—*Special Verdict.—Harmless Error.*—The refusal to give an instruction asking in part that the jury set out in their special verdict the evidence given on a certain question, was harmless, where the jury found the other facts requested.

From the Benton Circuit Court.

*Fraser & Isham,* for appellant.

*Haywood & Burnett,* for appellee.

LOTZ, J.—The appellee as the assignee of the Commercial Bank of Oxford, an insolvent corporation, brought this action against the appellant, upon a note executed by the appellant to said bank. The appellant

filed answer in three paragraphs: First, payment; second, that the defendant had pledged to the bank twenty shares of the capital stock of the bank as collateral to secure the note; that the bank sold the stock and received enough therefrom to fully pay and satisfy the note; third, that the consideration of the note had failed. The cause was tried by a jury, which resulted in a verdict and judgment for the appellee in the sum of $3,419.99.

The only error assigned is the overruling of appellant's motion for a new trial.

On the trial of the cause the appellant endeavored to show that the bank, prior to the assignment, had exchanged the stock for bonds of a certain trust company. He introduced in evidence a resolution or order of the board of directors, directing the cashier of the bank to accept $15,000.00 of the bonds of the trust company and with the bonds take up the notes given for stock to the amount of $15,000.00. The appellant then produced as a witness the cashier of the bank and proposed to prove by him that appellant's note was one of the notes referred to in said order. This evidence was excluded. This evidence might have had a tendency to explain the order and transaction and thrown some light upon it. It might have been slightly relevant for that purpose. But there is nothing in the order that shows that appellant's stock was ever exchanged for the bonds. At the most it was but a bare proposition. As a matter of fact, appellant's stock was not transferred or cancelled, but was found in the bank after the assignment, with appellant's note attached to it. Nor had the stock ever been transferred upon the stock-book to any other person. And the bonds of the trust company which were obtained by such order were obtained by the bank for the purpose of

being exchanged for gravel road bonds and not for stock. This evidence was undisputed. There was therefore no reversible error in excluding this testimony.

The appellant also complains of the refusal of the court to give a certain instruction asked by him.

This instruction, in part, asked the jury to set out in the verdict the evidence given on a certain question and the jury found the other fact requested. There was no error in this action. The other questions raised by the motion are waived for a failure to discuss them.

We have given the evidence in this case a careful consideration and are convinced that the judgment is clearly right. So convincing is the evidence that it would take a very flagrant error to cause a reversal.

Judgment affirmed.

Filed March 2, 1896.