## HOUK v. BRANSON.

[No. 2,094.   Filed Nov., 5, 1896.,   Rehearing denied Feb. 24, 1897.]

APPEAL AND ERROR.—*Weight of Evidence.*—The Appellate Court will not weigh the evidence nor reconcile conflicts therein.   p. 120.

SAME.—*Instructions.*—*Practice.*—It is not error to refuse to give to the jury an instruction offered by counsel where it is not shown that the instruction asked and refused was signed by counsel.   p. 120.

TRIAL.—*Evidence.*—*Impeachment.*—Evidence of the general reputation of a witness for truth and veracity in the neighborhood in which he formerly lived is competent which follows evidence of a like nature as to his reputation where he then lived.   p. 121.

EVIDENCE.—*Admissibility of Testimony of Shorthand Reporter from Notes of Former Trial.*—The official shorthand reporter may testify from recollection, refreshed by her notes as to statements made by a witness at a former trial reported by her.   p. 121.

PRACTICE.—*Cross-Examination of Witness.*—*Discretion of Court.*— The extent to which a cross-examination of a witness may be carried is within the sound discretion of the court, and unless there is manifest abuse of such discretion its exercise by the trial court will not afford sufficient ground for a reversal of the judgment.   p. 122.

SAME.—*Misconduct of Counsel.*—In order to save any question as to the misconduct of counsel during the trial, the trial court must be called upon by the aggrieved party in some manner to correct the injury.   pp. 122, 123.

From the Montgomery Circuit Court.   *Affirmed.*

*W. G. Houk* and *M. W. Bruner*, for appellant.

*Thomas & Whittington*, for appellee.

DAVIS, C. J.—This was an action to recover damages for an alleged assault on the appellant by the appellee.

On issues joined a verdict was returned by the jury in favor of appellee, on which judgment was rendered.

The only error assigned is the overruling of appellant's motion for a new trial.

The first question discussed is that the verdict of the jury is not supported by the evidence. On this proposition it will suffice to say there is ample evidence in the record to sustain the verdict. It is true the evidence is conflicting, but it is not our province to weigh the evidence or to reconcile conflicts therein. *Campbell* v. *Conner*, 15 Ind. App. 23; *Haines* v. *Porch*, 9 Ind. App. 413; *Miles, Tr.,* v. *De Wolf,* 8 Ind. App. 153; *Zimmerman* v. *Snyder*, 6 Ind. App. 178.

The next question discussed relates to the refusal of the court to give to the jury an instruction asked by appellant. It is not shown that the instruction asked and refused was signed by counsel, and, therefore, there was no error in refusing to give it. *Louisville, etc., R. W. Co.* v. *Goben*, 15 Ind. App. 123.

It is next urged that the court erred in giving certain instructions asked by appellee. The instructions were applicable to the evidence and correctly state the law and, therefore, there was no error in giving them. It may be true they were not in all respects correct statements of the law, applicable to appellant's version of the occurrence, but they were correct statements of the law applicable to appellee's version of the occurrence. Moreover, the instructions given to the jury by the court, when considered as an entirety, were not unfavorable to appellant.

Houk *v.* Branson.

The next question discussed relates to the testi-mony of the witness, Hanna, as to the general reputation of appellant for truth and veracity in the community in which he lived.

An objection was made because the question did not apply to the general reputation of appellant for truth and veracity "where he now lives," but no exception was reserved to the ruling of the court.

Moreover, it appears that several witnesses testified that his general reputation for truth and veracity was bad at the time of the trial in Crawfordsville where he then lived, and in this connection it was competent to prove that his general reputation for truth and veracity was bad in the neighborhood, in that county, from which he moved to Crawfordsville several years before the trial, by witnesses who had familiarly and continuously known him during all of those years. He and his wife owned real estate in that neighbor-hood, he was frequently there, and the difficulty out of which this lawsuit arose occurred in that neighbor-hood. *Memphis, etc., Packet Co.* v. *McCool,* 83 Ind. 392; *Sage* v. *State,* 127 Ind. 15, 27; *Pape* v. *Wright,* 116 Ind. 502.

It is next urged that the court erred in permitting the stenographer to testify from her shorthand notes as to statements made by appellant on a former trial. The witness testified that she was the official short-hand reporter of said court; that her notes of the testi-mony of appellant were taken by her at the time he testified on the former trial and that they were correct.

The witness was then asked, on her original examination in chief, whether appellant, on the former trial, made a certain statement. An objection was made to the question, on the ground that she could not testify from her shorthand notes. The question, how-

ever, did not purport to elicit an answer from her shorthand notes. The objection was overruled and the witness answered, "Yes, sir." It was afterwards developed, on cross-examination and re-examination, that she was testifying from her recollection as refreshed by her notes, but that independently of her notes she had no distinct remembrance of his testimony.

Assuming that the question is properly presented for our consideration, we are of the opinion that her testimony was competent. *Bass* v. *State,* 136 Ind. 165.

The action of the trial court in refusing to allow counsel for appellant to continue the cross-examination of the witness, Elbert Randall, was not such an abuse of discretion as to authorize a reversal of the judgment of the trial court.

The examination in chief covers three pages and the cross-examination, nine pages. The witness was a boy fourteen years of age, and his examination in chief was confined exclusively to a description of what he saw of the encounter between appellant and his father. A reading of the cross-examination convinces us that the court was justified in refusing to allow counsel to further prolong it. It is a well recognized rule that any fact tending to impair the credibility of the witness by showing his interest, bias, ignorance, motives, or that he is depraved in character, may be elicited on cross-examination; but the extent to which such cross-examination may be carried is within the sound discretion of the court, and unless there is manifest abuse of such discretion, its exercise, by the trial court, will afford no sufficient ground for the reversal of the judgment. *Hinchcliffe* v. *Koontz,* 121 Ind. 422; *Staser* v. *Hogan,* 120 Ind. 207, 220; *Ledford* v. *Ledford,* 95 Ind. 283; *Wachstetter* v. *State,* 99 Ind. 290.

Counsel insist that the motion for a new trial

should have been sustained because of alleged miscon-
duct of counsel for appellee, in argument.

No objection was made in behalf of appellant in re-
lation to the argument.   No ruling was made by the
court concerning such argument.   No exception was
reserved at the trial by appellant  on this question.

The contention is that  without objection or excep-
tion, on the part of appellant during the argument, he
is entitled to a new trial, because of the alleged im-
proper statement made by counsel for appellee in his
argument to the jury.

It is well settled that in order to save any question
in relation to the misconduct of counsel, the trial
court must be called upon by the aggrieved party in
some manner to correct the injury. *Pittsburgh, etc., R.
W. Co.* v. *Welch,* 12 Ind. App. 433; *Maybin* v. *Web-
ster,* 8 Ind. App. 547; *Chicago, etc., R. R. Co.* v.
*Champion,* 9 Ind. App. 510.

We have fully discussed this question on former
occasions in the authorities cited, and especially in
the opinion on petition for rehearing in *Maybin* v.
*Webster, supra.*

We find no reversible error in the record.

Judgment affirmed.