REFINERS OIL COMPANY *v.* GROCUTT.

[No. 13,120.   Filed February 23, 1928.   Rehearing denied June 28, 1928.]

*Clarence E. Benadum,* for appellant.
*O'Neill & Bales,* for appellee.

McMAHAN, J.—Action by appellee against appellant to recover damages for personal injuries resulting from the explosion of a gasoline tank belonging to appellant, and which, at the time of the explosion, was in appellee's shop, and was being repaired by him.   The complaint alleges that appellant brought the tank to appellee's place of business to be repaired; that, upon examination, appellee discovered evidence that the tank had not been thoroughly cleaned; that he refused to undertake the making of the repairs unless the tank was thoroughly cleansed of gasoline; that appellant took the tank away and later returned with it and informed appellee the tank had been thoroughly cleaned and that it was ready to be repaired; that there was then no evidence of gaso-

line apparent on the outside of the tank or open to the observation of appellee; that, relying upon the statement that the tank had been thoroughly cleansed, appellee started to apply a torch to it, when there was an explosion which caused the injuries for which appellee sued. Appellant contends the verdict is not sustained by sufficient evidence.

The tank in question was a large underground tank used for the storage of gasoline. It had been leaking, and, on the day of the injury to appellee, Earl W. Bell, who was the manager of appellant's plant at Muncie, came to appellee's shop and told him that the tank which was then buried in the ground was leaking and asked appellee what was the best thing to do with it. Appellee told Bell he had better take it up if he wanted anybody to weld it. Later, Bell brought the tank to the shop on a truck and told appellee to look at it. Appellee did so, and told Bell he would have to clean it out before appellee would touch it. Bell took the tank away and later returned it to appellee's place of business, whereupon appellee lit a torch and applied it to one of the connections to be repaired, when there was an explosion which threw appellee a distance of about twenty-five feet and seriously injured him. When the tank was first brought to appellee's shop, it had the appearance of being damp and had gasoline soaked rags around some of the connections. Earl W. Bell testified that when he took the tank to appellee to be repaired, he asked appellee what was the best way to get the gas fumes cleaned out, and that appellee suggested that it be steamed out and told him where to take it, and that arrangements were made with the Indiana Service Company to have it cleaned. Another employee of appellant testified that he took the tank to the Indiana Service Company and steamed it by pouring into it 120 pounds of steam for forty-five minutes, after which he took it to appellee's

shop; that he removed the gasoline-soaked rags when he was engaged in cleaning it.

The tank in question was about four and a half feet in diameter and twelve feet long. It was an old welded tank with three connections, one of which was broken and needed to be repaired. The explosion was a violent one, and did considerable damage to the building in which appellee's shop was located. The evidence conclusively shows that the tank had not been thoroughly cleansed of the gasoline which had been in it, and the jury was justified in concluding and finding that appellant was negligent in first taking it to appellee and asking him to fix it when appellant ought to have known that it had not been thoroughly cleaned, and the jury was also justified in finding that appellant was negligent in returning the tank to appellee and requesting him to repair it when appellant ought to have known that it had not been properly and sufficiently cleaned. Appellee had told appellant's manager he would not touch the tank to repair it until it had been thoroughly cleaned, and when it was taken away for that purpose and later returned to be repaired, appellee had the right to assume that appellant had removed all the gasoline so that it was safe for him to work on it.

Appellant cites a number of cases in support of the proposition that a new trial should be granted unless it clearly appears that substantial justice has been done. Appellant overlooks the fact that the rule referred to is the rule applicable in the trial court. In *Louisville, etc., R. Co.* v. *Cook* (1894), 12 Ind. App. 109, 38 N. E. 1104, cited by appellant, the court, in discussing this question, said:

"In a case such as this, where the trial judge has seen the witnesses and heard the evidence, it is his duty, if he is satisfied that the jury was not author-

ized in drawing the inferences which have resulted in the verdict returned, to grant a new trial on the motion of the losing party, but in an appellate court, although the court may entertain grave doubts as to whether a correct conclusion has been reached by the jury, the court can not disturb the verdict on the evidence, if there is any evidence in the record, however slight it may be, fairly tending to prove the facts which the jury were required to find in order to return the verdict."

Before an appellate tribunal will reverse a judgment on the evidence, it must appear that substantial justice has not been done. *Campbell* v. *Conner, Admr.* (1895), 15 Ind. App. 23, 42 N. E. 688, 43 N. E. 453.

Judgment affirmed.

Dausman, J., absent.