CHICAGO NATIONAL LIFE INSURANCE COMPANY
ET AL. *v.* SOLLMAN, GDN.

[No. 14,236. Filed November 24, 1933. Rehearing denied March 16, 1934. Transfer denied June 14, 1934.]

Lee D. Mathias, E. R. Elliott, Clyde McGary, Henry M. Dowling, Embree & Baltzell, M. E. Abrams, and William E. Jeffrey, for appellants.

William C. Welborn and T. Morton McDonald, for appellee.

CURTIS, J.—On June 11, 1926, George D. Sollman filed his complaint in the Gibson Circuit Court against the appellants and one William. F. Morris, the United States General Agency Company, a corporation, the Chicago National Underwriters Company, a corporation, Wilbur Wynant, William C. Gillette, and A. L. Whitmer, alleging therein that the said defendants had, by conspiring together, fraudulently sold to the plaintiff at various times certain worthless stock and had received from him the total sum of $21,000.00 therefor, to his damage in that amount, together with interest. There was no service upon any of the defendants except the appellants and said Morris, and the cause was dismissed as to all others. Before the trial, George D. Sollman was adjudged to be of unsound mind by the Gibson Circuit Court, and Sophia Sollman, his wife, the appellee herein, was duly appointed his guardian and was substituted as plaintiff by order of court, upon her supplemental complaint filed October 12, 1929. Each appellant filed a general denial. Before answer there were various motions filed by the several defendants, but as the rulings thereon are not assigned as error relied upon for reversal, they may be disregarded. The

complaint is voluminous, and no good purpose would be accomplished in setting it out.

The cause was tried to a jury who returned a verdict for the appellee against each appellant in the sum of $26,374.14, and for the defendant William F. Morris. The judgment was in accordance with the verdict. In due course a motion for a new trial was filed by each appellant and overruled and exceptions taken and this appeal prayed and perfected.

In the appellants' brief we find this statement: "This brief is filed on behalf of both the Chicago National Life Insurance Company and the Gary National Life Insurance Company. Each of these appellants took a separate appeal from the judgment of the court below. Many of the questions involved on this appeal are common to each of these appellants, and, in order to save repetition with respect to the points which are common to each appellant and to conserve as much as possible the time of the court and the labors of appellants' attorneys in presenting the matter, it was deemed advisable to file one brief on behalf of each of the two appellants, pointing out therein the matters which are particularly applicable to either one of the appellants and not to the other." The court has so considered the case.

The alleged errors relied upon for reversal are:

"1. The court erred in entering judgment against the Chicago National Life Insurance Company.

2. The court erred in entering judgment against the Gary National Life Insurance Company.

3. The court erred in overruling the motion of the Chicago National Life Insurance Company for a new trial.

4. The court erred in overruling the motion of the Gary National Life Insurance Company for a new trial."

The first two alleged errors, standing alone as they do, present no question.

The third and fourth present no question except as they are particularized by setting out the causes or grounds of the motions. These causes or grounds as stated in the motions are substantially as follows: The verdict of the jury is contrary to law; is not sustained by sufficient evidence; the damages assessed are excessive; error of the court in giving of its own motion each of its instructions numbers 6, 7, 12 and 14 and in giving at the request of the appellee each of appellee's instructions 5, 7, 9, 10, 11, 13, 14, and in refusing to give each of instructions numbered 1, 2, 4, 5, 7, 11, 17, 19, 20, 21, 23, 24, and 27, tendered by each appellant; error in not giving, at the request of each appellant, at the close of the appellee's evidence, a peremptory instruction for a verdict in favor of each appellant; causes 10 to 100 inclusive in each motion are identical and with the exception of causes numbered 58 and 61 they each relate to rulings of the court upon the admission of evidence over the objection of each appellant. Thirty-three of these causes relate to rulings upon the admission of oral testimony and 56 of them relate to rulings as to the admission of exhibits and record evidence; causes 58 and 61 of each motion relate to rulings of the court adverse to the appellants, upon their motion to strike out certain evidence, and cause 101 of each motion relates to alleged misconduct of the appellee's attorney in some of his remarks in his closing argument to the jury.

We will take up the causes for a new trial substantially in the order above named. In the brief of the appellants under the heading of points and authorities, they have, as to the cause that the verdict is contrary to law, cited four authorities with no application whatever made to the instant case. No question is thus presented for our determination. As to the cause that the verdict is not sustained by sufficient evidence, the same situation prevails with two

abstract propositions of law stated, but with no application whatever made to the instant case. No question is thus presented for decision. The next cause urged by the appellants is that the verdict is excessive, but here again nothing but the citation of authorities is made. This presents no question. The next questions sought to be presented relate to the giving and refusal to give certain named instructions. The appellee forcefully insists that the instructions given and refused are not in the record because of alleged failure properly to bring them into the record. Without deciding the question thus urged by the appellee we will say that we have carefully read the instructions given and refused and it is our opinion that the jury was fully and fairly instructed and that there is no reversible error of the court either in the giving or the refusal to give the instructions complained of by the appellants. There was no error in the ruling of the court in refusing the request of each appellant for a peremptory instruction.

This brings us to the alleged errors above referred to as to the admission of evidence over the objection of each appellant.

In no case as to the oral testimony is the question or its substance which was propounded to the witness, set out; neither is it shown that any exceptions were reserved to the said rulings. Under such circumstances the court cannot be informed of what the appellants really complain. No questions as to the correctness of the court's rulings as to such evidence is presented. See *Indianapolis, etc., R. Co.* v. *Ragan* (1908), 171 Ind. 569, 86 N. E. 966; *Greer* v. *State* (1929), 201 Ind. 386, 168 N. E. 581; *Kenwood Tire Co.* v. *Speckman* (1930), 92 Ind. App. 419, 176 N. E. 29; *Wabash Portland Cement Co.* v. *Stevens* (1931), 93 Ind. App. 208, 178 N. E. 5; *Inter-Ocean Casualty Co.* v. *Wilkins* (1933), 96 Ind. App. 231, 182 N. E. 252; *Eva* v. *State* (1931), 203 Ind. 340, 180 N. E. 183.

The transcript shows that the motion for a new trial fails to state the grounds of objection or their substance to the admission of any of said exhibits or to the admission of said record evidence. No exception to any ruling of the court in relation thereto is shown. No question is therefore presented as to the several rulings of the court upon the admission of such evidence. See authorities cited, *supra*.

Causes 58 and 61 of the motion for a new trial each relate to the refusal of the court to strike out certain testimony, but neither of said causes state what the said motions or their substance was. Neither stated the questions that were propounded to the witness, nor the substance thereof. All that was set out in either cause was the substance of the answer of the witness. No question is, therefore, presented to this court based upon said alleged errors. See authorities above cited.

The last cause of the motions for a new trial, being cause number 101, is based upon alleged misconduct of the appellee's attorney in some of his remarks to the jury in his closing argument. With reference to these remarks the appellants in their motions for a new trial say: "That said attorney stated to said jury in substance that if they would return a verdict for the plaintiff it would do more good than all the doctors or anything else in the world to restore George D. Sollman to sanity. To which statement the defendant then and there objected and was by the court overruled, to which action of the court the defendant then and there excepted . . ." Upon this record can we say that reversible error is shown? We think not. If we should assume for the purpose of argument that the remarks were improper (which we do not decide) yet the ground of the objection is not shown, neither was there any request to the court to repair the

alleged injury by admonishing the jury to disregard the remarks, nor was there any request made to the court to withdraw the submission, nor was there any attempt made to take any other step the appellants might think necessary to receive a fair and impartial trial. By failing to do any of these things and permitting the case to proceed to final determination the appellants will be deemed to have waived all questions arising out of such alleged misconduct. See *Maybin* (Mabin) v. *Webster* (1895), 8 Ind. App. 547, 36 N. E. 373, 35 N. E. 194; *The Chicago, St. Louis and Pittsburgh Railroad Co.* v. *Champion* (1893), 9 Ind. App. 510, 37 N. E. 21, 36 N. E. 221; *Staser* v. *Hogan* (1889), 120 Ind. 207, 21 N. E. 911, 22 N. E. 990; *Grubb* v. *State* (1888), 117 Ind. 277, 20 N. E. 257, 20 N. E. 725.

There was evidence before the jury upon which the full amount of the verdict could be based. We do not believe that the verdict was the result of passion or prejudice. By the verdict, the jury necessarily found that a fraud had been perpetrated upon Sollman and that each appellant had wrongfully participated therein. We cannot say that there was not some competent evidence and legitimate inferences to be drawn therefrom to sustain the verdict. We have found no reversible error.

Judgment affirmed.