MEEKER, GUARDIAN, ET AL. *v*. DECKER..

[No. 15,448. Filed October 15, 1937. Rehearing denied January 27, 1938.]

*Ralph W. Ewing,* for appellants.

*M. S. Hawkins* and *Moran & Abromson,* for appellee.

DUDINE, J.—Appellee Eva Decker brought this action against Ina Leips, then Guardian of Mae Rice, a person of unsound mind, for services rendered said ward in nursing her from January 1, 1934, to February 14, 1934, and recovered a judgment in the sum of $100.00. After the judgment was rendered, Ina Leips resigned as such guardian and J. Gordon Meeker was appointed as such guardian, and was substituted as judgment defendant.

The complaint alleged that appellee "was requested by said (Mae Rice) . . . to come to her house and work for her as housemaid"; that Mae Rice was then afflicted with a disease (paresis) which made her "insane"; that appellee, not knowing of said disease and condition of said Mae Rice, did go to her home and start to work as housemaid and thereupon learned of the disease and condition and learned that she was in need of a person to watch and care for her every hour of each day; that appellee did perform the housework from January 1, 1934, to February 14, 1934, and was paid $19.00 therefor by said Mae Rice; and that appellee also did "generally take care of her during every hour of the day practically

during said time and for said services she has not been paid."

No formal answer was filed. The cause was submitted to a jury for trial. Appellee tendered nine interrogatories for submission to the jury. Appellant moved the court to strike out several of said interrogatories including interrogatory numbered "9." The court overruled said motion as to interrogatory numbered "9," reserving an exception to appellant.

During the closing argument, appellee's counsel made the following statement: "One of their witnesses was glad to testify. She was interested in testifying for Mae Rice. Maybe Mae Rice has got some diamonds, and she has probably got her eyes on those diamonds." Appellants' counsel objected to the statement and moved the court to withdraw it from the jury. The court did not withdraw the statement, but "in this connection stated to the jury that the jury would be the judge as to what the evidence is."

The jury returned the interrogatories with answers, and returned a verdict for appellee in the sum of $100.00.

Appellant filed a motion for new trial which was overruled, and thereafter judgment was rendered on the verdict.

The sole error assigned upon appeal is alleged error in overruling said motion for new trial.

The causes for new trial presented for review by this court are: (1). The verdict is not sustained by sufficient evidence; (2) error in overruling the objection of defendants to a certain question propounded by the plaintiff, stating the question; (3) error in refusing to strike out interrogatory number nine; (4) error in the giving and refusal to give certain instructions; (5) error in refusing to withdraw from the jury the remark above

referred to made by appellee's counsel in his closing argument.

The second specification for new trial above referred to did not state a cause for new trial, because it did not show that the question was answered, or the substance of such answer. *Indpls. & West. Rwy. Co.* v. *Ragan* (1909), 171 Ind. 569, 86 N. E. 966; *Chi. Natl. Life Ins. Co.* v. *Sollman, Gdn.* (1934), 99 Ind. App. 86, 187 N. E. 686.

In support of the assigned error that the verdict is not sustained by sufficient evidence, appellants contend there is no proof that appellee was employed as a housekeeper by Mae Rice.

The complaint does not seek to recover for services as a housekeeper; on the contrary it alleges that appellee was paid for her services as a housekeeper. The complaint seeks to recover for nursing Mae Rice.

Some testimony was introduced which showed that appellee accepted a check from the guardian in full settlement for all her services rendered, and appellants contend that appellee can not recover wages in excess of the amount accepted by her for her services in full. Said contention is not applicable here, because appellee testified that she did not accept such check in full settlement of her claim. The evidence as to such fact being conflicting, we may not disturb the finding as to such fact which the jury presumably made.

Interrogatory number nine, which appellants sought to have stricken out was as follows: "Was Mae Rice adjudged insane in the Jay Circuit Court?"

Appellants contend the interrogatory was outside the issues, and indefinite as to time. Said interrogatory was indefinite as to time, but such indefiniteness did not make it harmful; on the contrary the indefiniteness of the interrogatory made it harmless. Whether or not Mae Rice was declared insane was

within thé issues. The complaint seeks to recover for services rendered to an "insane" person.

Appellants contend the remarks of appellee's counsel above quoted, made during his argument were "highly inflammatory and prejudicial, was improper and ██ injurious." We have found nothing in the evidence which supports said remarks. We do not approve or condone remarks in arguments before a jury which are not supported by the evidence, but we must recognize the fact that the trial court is in better position to determine the propriety or impropriety of such remarks, and whether or not they are harmful. The trial court has a wide field of discretion as to such matters. The record does not show that the trial court abused its discretion in refusing to withdraw said remarks from the jury.

With reference to appellants' contentions as to alleged error in giving and refusing to give certain instructions, we deem it sufficient to say that we have read and considered all the instructions tendered and given, and that we think the jury was sufficiently and fairly instructed as to all issues in the cause. No good purpose would be served in discussing said alleged errors separately.

The evidence as to services rendered, other than services as a housekeeper, is weak, but there is some evidence as to such services, particularly companionship, and we hold that it is sufficient to sustain the verdict. No question as to the value of said services is presented for review.

No reversible error having been shown, the judgment is affirmed.