LAMBERT ET AL. *v*. HARTMAN ET AL.

[No. 19,844. Filed October 27, 1964. Rehearing denied November 23, 1964. Transfer denied February 15, 1965. Motion to Reconsider Transfer denied June 23, 1965.]

*Wilbur H. Pell, Jr.,* of Shelbyville, and *John H. Baldwin,* of Indianapolis, for appellants.

*Robert L. Sheaffer,* of Shelbyville, for appellees.

Carson, J.—This case comes to us on appeal from the Shelby Circuit Court. The action below was brought by the appellees to foreclose a mechanic's lien on real estate of appellant, Lambert, for work and materials furnished in installing pavements on the realty in question. The complaint was to foreclose a mechanic's lien in the amount of $1,293.00 for construction of paved driveways and a parking area on gasoline service station real estate. The appellants filed an answer in denial under Rule 1-3 of the Supreme Court of Indiana. Appellants filed counterclaim to which appellees filed answer under Supreme Court rule 1-3.

The case was tried by the court without a jury and the finding was for the appellees in the amount of $1,000.00 damages, $250.00 attorney's fees, a foreclosure

of the lien and an order to sell their real estate. This judgment was entered on the 6th day of October, 1961. Then on the 14th day of December, 1961, the defendants having filed a motion for new trial, the court opened the original judgment and entered a new judgment for the plaintiff to the effect that the plaintiff recover the sum of $1,000.00 plus attorney's fees in the amount of $250.00, that the mechanic's lien be foreclosed, the real estate sold and that the defendants take nothing on their counterclaim. There are many miscellaneous pleadings filed in the action, one entitled a consolidated motion, one a demurrer to the complaint, one an amended demurrer, one a motion to strike the amended demurrer and after disposition of these various pleadings by the court, the appellants filed their answer and counterclaim to which the plaintiffs filed their reply.

The court entered judgment on the 6th day of October, 1961, following which the appellants filed a motion for new trial.

As a result of the first motion for new trial the court entered a new judgment and vacated and set aside the judgment of October 6, 1961. Since a motion for new trial was filed within the required time following the new judgment the specifications set out in that motion are the ones which we consider here in connection with this appeal. The appellants specify ten assignments of error which are herein set out as follows:

"1. The Court erred in overruling appellants' Consolidated Motion.

2. The Court erred in overruling appellant's Demurrer.

3. The Court erred in overruling appellant's Amended Demurrer.

4. The Court erred in sustaining the appellee's Motion To Strike Amended Demurrer.

5. The Court erred in failing to rule and adjudicate Appellant's Motion For New Trial, No. 1.

6. The Court erred in its finding and judgment of October 6th, 1961.

7. The Court erred in opening the judgment of October 6th, 1961, on December 14th, 1961.

8. The Court erred in its finding and judgment of December 14th, 1961.

9. The Court erred in its Motion Nunc Pro Tunc of December 21st, 1961, of vacating and annulling judgment entered on October 6, 1961.

10. The Court erred in overruling appellant's Motion For New Trial, No. 2, filed January 12, 1962."

In the argument portion of their brief the appellants argue assignment number 1 and assignment number 10. Their failure to argue assignments 2 through 9 constitutes waiver. Rule 2-17(e) of the Supreme Court of Indiana.

Assignment number 1 covered the court's ruling on the appellants' consolidated motion to make more specific and the motion to strike, but appellants only discuss that part of the consolidated motion to make the complaint more specific. First the burden was upon the appellants to establish that they were substantially injuried as a result of the court's overruling of such motion, and second, that the complaint failed to state a cause of action in such manner as to enable a person of common understanding to know what was intended. *Cline* v. *Rodabaugh et al.*, (1933), 97 Ind. App. 258, 268, 179 N. E. 6; §2-1004, Burns 1946 Replacement, part 1, paragraph 2. We are unable to conclude that the argument portion of the appellants' brief and the application of authorities cited therein meet either of these tests and we there-

fore hold that the trial court did not err in overruling the appellants' consolidated motion.

At the beginning of the second portion of appellants' argument designated B, the appellants purport to discuss point number 10 in their assignment of error and specifically referred to propositions 2 through 6 contained in the motion for new trial. Again from an examination of the appellants' brief we are unable to find any cogent argument or citation of authorities with respect to points 2, 3 and 6 under appellants' motion for a new trial and they are therefore deemed waived. We have left therefore for our consideration point 4, "The decision of the Court is not sustained by sufficient evidence.", and point 5, "The decision of the Court is contrary to law."

In consideration of number 4 we call attention to the fact that this was a trial by the court; that the evidence was in conflict; that the trial court had an opportunity to examine exhibits; hear the witnesses and observe their demeanor on the witness stand. This assignment calls upon us to weigh the evidence where it is in conflict and it has been repeatedly held by the Supreme Court and this Court that we will not weigh conflicting evidence and reverse the verdict of the jury or the decision of the trial court.

The assignment that the decision of the court is contrary to law requires us to consider the evidence most favorable to the appellees and all reasonable inferences that can be drawn therefrom. If after such consideration we conclude that reasonable minded men would not have arrived at a contrary decision then the decision of the trial court will be sustained. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669.

An examination of the evidence set out in 65 pages of the appellants' brief covering the testimony of five witnesses for the plaintiff and five witnesses ▇ for the defendant below, and the introduction of ten exhibits leads us to the conclusion that this cause was fully tried by the court below. When we apply the tests set out in the *Pokraka* v. *Lummus Co.*, *supra*, case we come to the conclusion that the appellant has not demonstrated reversible error. Before an Appellate Tribunal will reverse the judgment of the trial court on the evidence it must appear that substantial justice has not been done. *Refiners Oil Co.* v. *Grocutt* (1928), 87 Ind. App. 594, 162 N. E. 59. We conclude that this case was fully and fairly tried and that the result thereof should be affirmed.

Judgment affirmed.

Faulconer, P.J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 783.